IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

INSTITUTE FOR REFORMING
GOVERNMENT, INC.,

    Plaintiff,

v.                            Case No. 2025-CV-1384

MARY BETH KEPPEL, DONALD A.
DOUGHERTY, JR. ANALISE EICHER,
ROBERTA GASSMAN, JOHN T. HENDRICKS,
THOMAS HRUZ, RHONDA LANFORD,
BARBARA NOTESTEIN in their official
capacities as members of the Wisconsin Judicial
Commission,

    Defendants.

## ANSWER

Defendants Mary Beth Keppel, Donald A. Dougherty, Jr., Analise Eicher, Roberta Gassman, John T. Hendricks, Thomas Hruz, Rhonda Lanford, and Barbara Notestein, in their official capacities as members of the Wisconsin Judicial Commission, by their undersigned attorneys, answer Plaintiff Institute for Reforming Government, Inc.'s (IRG) complaint as follows:

### INTRODUCTION

1. Defendants admit that this case challenges Wisconsin statutes and regulations under the First Amendment. The remainder of Paragraph 1 is a legal conclusion to which no response is required.

2. Paragraph 2 contains narrative argument and legal conclusions to which no response is required.

3. Paragraph 3 contains narrative argument and legal conclusions to which no response is required. Defendants deny that plaintiffs are entitled to any relief in this case.

## PARTIES

4. Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 4.

5. Defendants admit that Mary Beth Keppel, Donald A. Daugherty, Jr., Analise Eicher, Roberta Gassman, John T. Hendricks, Thomas Hruz, Rhonda Lanford, and Barbara Notestein are current members of the Wisconsin Judicial Commission, named in their official capacities.

6. Defendants admit that the Wisconsin Judicial Commission is created by state law and consists of nine appointed positions under Wis. Stat. § 757.83. Defendants deny that only eight positions are currently appointed.

## JURISDICTION AND VENUE

7. Paragraph 7 contains legal conclusions to which no response is required.

8. Paragraph 8 contains legal conclusions to which no response is required.

## STATEMENT OF FACTS

9. The constitutional provision referred to in Paragraph 9 speaks for itself. To the extent that the allegations in Paragraph 9 misstate or mischaracterize the law, Defendants deny.

10. Defendants admit that state law establishes the Wisconsin Judicial Commission, various procedures for its operations, and authorizes the Commission to promulgate rules for its proceedings. Further, the statutes referred to in Paragraph 10 speak for themselves and to the extent that the allegations in Paragraph 10 misstate or mischaracterize the law, Defendants deny.

11. The statute referred to in Paragraph 11 speaks for itself. To the extent that the allegations in Paragraph 11 misstate or mischaracterize the law, Defendants deny.

12. The Commission annual report referred to in Paragraph 12 speaks for itself. To the extent that the allegations in Paragraph 12 misstate or misrepresent the annual report, Defendants deny.

13. Defendants admit the allegations in Paragraph 13.

14. The statute referred to in Paragraph 14 speaks for itself. To the extent that the allegations in Paragraph 14 misstate or mischaracterize the law, Defendants deny.

15. Paragraph 15 contains a legal conclusion to which no response is required.

16. Paragraph 16 contains a legal conclusion to which no response is required.

17. The rule referred to in Paragraph 17 speaks for itself. To the extent that the allegations in Paragraph 17 misstate or mischaracterize the law, Defendants deny.

18. Paragraph 18 contains a legal conclusion to which no response is required.

19. Defendants admit that Plaintiff filed a Request for Investigation form with the Wisconsin Judicial Commission and that the form and its contents are subject to Wis. Stat. § 757.93 and the first sentence of Wis. Admin. Code JC § 3.01; Defendants otherwise deny the allegations in Paragraph 19.

20. Pursuant to the confidentiality obligations imposed on the Commission by Wis. Stat. § 757.93 and Wis. Admin. Code JC § 3.01, Defendants cannot disclose any information about the contents of Plaintiffs' Request, aside from how it alleged misconduct on the part of a judge. Defendants therefore admit as much, but deny the remainder of the allegations in Paragraph 20 on that basis.

21. Pursuant to the confidentiality obligations imposed on the Commission by Wis. Stat. § 757.93 and Wis. Admin. Code JC § 3.01, Defendants cannot disclose any information about the contents of Plaintiffs' Request, aside from how it alleged misconduct on the part of a judge. Defendants therefore admit as much, but deny the remainder of the allegations in Paragraph 21 on that basis.

22. Defendants admit that Jacob J. Curtis signed the request for investigation form. Defendants lack knowledge or information sufficient to form a belief about the remaining allegations, describing Curtis's professional background, in Paragraph 22.

23. Defendants deny that Daniel Suhr also signed the form. Defendants lack knowledge or information sufficient to form a belief about the remaining allegations, describing Suhr's professional background, in Paragraph 23.

24. Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 24.

25. Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 25.

26. Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 26.

27. Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 27.

28. Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 28.

29. Defendants deny that "IRG has not released the details of the Request for Investigation that was filed," in that paragraphs 20 and 21 of the Complaint purport to disclose some information about the nature of the underlying allegations. Defendants otherwise lack knowledge or information sufficient to form a belief about the allegations in Paragraph 29.

30. Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 30.

31. Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 31.

32. Paragraph 32 contains narrative argument and legal conclusions to which no response is required. Defendants lack knowledge or information sufficient to form a belief about the allegations regarding Plaintiff's fear of enforcement action. Defendants admit that the Commission's executive director received the letter referred to in Paragraph 32 and that letter speaks for itself. To the extent that Paragraph 32 misstates or is inconsistent with the letter, Defendants deny.

6

Case 2:25-cv-01384-LA    Filed 11/14/25    Page 6 of 13    Document 24

33. Paragraph 33 contains narrative argument and legal conclusions to which no response is required.

34. Paragraph 34 contains narrative argument and legal conclusions to which no response is required.

35. Defendants admit that the Commission received a letter from Plaintiff's current counsel dated June 13, 2025; that letter speaks for itself. To the extent that the allegations in Paragraph 35 are inconsistent with the letter referred to, Defendants deny.

36. Defendants admit the allegations in Paragraph 36.

37. Defendants admit that the Commission responded to Plaintiff's current counsel in a letter dated July 10, 2025; that letter speaks for itself. To the extent that the allegations in Paragraph 37 are inconsistent with the letter referred to, Defendants deny.

38. Defendants admit that the Commission responded to plaintiff in a letter dated July 18, 2025; that letter speaks for itself. To the extent that the allegations in Paragraph 38 are inconsistent with the letter referred to, Defendants deny.

39. Paragraph 39 contains narrative argument and legal conclusions to which no response is required. Defendants lack knowledge or information sufficient to form a belief about the remainder of the allegations, pertaining to Plaintiff's wishes, in Paragraph 39.

40. Paragraph 40 contains narrative argument and legal conclusions to which no response is required. Defendants lack knowledge or information sufficient to form a belief about the remainder of the allegations, pertaining to Plaintiff's wishes, in Paragraph 40.

41. Defendants admit that a Commission decision not to proceed with an investigation is not subject to appeal. Defendants lack knowledge or information sufficient to form a belief about the remainder of the allegations in Paragraph 41.

## CAUSE OF ACTION: 42 U.S.C. § 1983
## VIOLATION OF THE FIRST AMENDMENT'S FREEDOM OF SPEECH

42. Defendants incorporate by reference their answers to Paragraphs 1–41.

43. The statute referred to in Paragraph 43 speaks for itself. To the extent that Paragraph 43 misstates or is inconsistent with the law, Defendants deny.

44. Paragraph 44 contains legal conclusions and narrative argument to which no response is required.

45. Paragraph 45 contains legal conclusions and narrative argument to which no response is required. The case referred to in Paragraph 45 speaks for itself. To the extent that Paragraph 45 misstates or is inconsistent with the law, Defendants deny.

46. Paragraph 46 contains legal conclusions and narrative argument to which no response is required. The case referred to in Paragraph 46 speaks for itself. To the extent that Paragraph 46 misstates or is inconsistent with the law, Defendants deny.

47. Paragraph 47 contains legal conclusions and narrative argument to which no response is required. The case referred to in Paragraph 47 speaks for itself. To the extent that Paragraph 47 misstates or is inconsistent with the law, Defendants deny.

48. Paragraph 48 contains legal conclusions and narrative argument to which no response is required. The case referred to in Paragraph 48 speaks for itself. To the extent that Paragraph 48 misstates or is inconsistent with the law, Defendants deny.

49. Paragraph 49 contains legal conclusions and narrative argument to which no response is required. The case referred to in Paragraph 49 speaks for itself. To the extent that Paragraph 49 misstates or is inconsistent with the law, Defendants deny.

50. Defendants deny the allegations in Paragraph 50.

51. Defendants deny the allegation in Paragraph 51 that there has been a "violation." Further, pursuant to the confidentiality obligations imposed on the Commission by Wis. Stat. § 757.93 and Wis. Admin. Code JC § 3.01, Defendants cannot disclose any information about the contents of Plaintiffs'

Request, aside from how it alleged misconduct on the part of a judge and therefore deny the allegations in Paragraph 51 on that basis. Otherwise, Paragraph 51 contains legal conclusions and narrative argument to which no response is required.

52. Defendants deny the allegation in Paragraph 52 that there has been a "violation." Otherwise, Paragraph 52 contains legal conclusions and narrative argument to which no response is required.

53. Defendants admit that the confidentiality provisions in Wis. Stat. § 757.93 and the first sentence of Wis. Admin. Code JC § 3.01 apply to plaintiff's request for investigation filed with the Commission. Otherwise, Paragraph 53 contains legal conclusions and narrative argument to which no response is required.

54. Defendants deny the allegations in Paragraph 54.

55. Defendants admit that the confidentiality provisions in Wis. Stat. § 757.93 and the first sentence of Wis. Admin. Code JC § 3.01 apply to plaintiff's request for investigation and that the Commission declined to take further action on the allegations therein. Otherwise, Paragraph 55 contains legal conclusions and narrative argument to which no response is required.

56. Paragraph 56 contains legal conclusions to which no response is required.

57. The authority referred to in Paragraph 57 speaks for itself. To the extent that Paragraph 57 misstates or is inconsistent with the law, Defendants deny.

58. Paragraph 58 contains legal conclusions to which no response is required.

59. Paragraph 59 contains legal conclusions to which no response is required.

60. Paragraph 60 contains narrative argument and legal conclusions to which no response is required. Defendants lack knowledge or information sufficient to form a belief about the remainder of the allegations in Paragraph 60.

61. Paragraph 61 contains narrative argument and legal conclusions to which no response is required. Further, pursuant to the confidentiality obligations imposed on the Commission by Wis. Stat. § 757.93 and Wis. Admin. Code JC § 3.01, Defendants cannot disclose any information about the contents of Plaintiffs' Request, aside from how it alleged misconduct on the part of a judge and therefore deny the allegations in Paragraph 61 on that basis.

62. Paragraph 62 contains narrative argument and legal conclusions to which no response is required.

63. Defendants deny the allegations in Paragraph 63.

64. Defendants deny the allegations in Paragraph 64.

65. Defendants deny the allegations in Paragraph 65.

## REQUEST FOR RELIEF

**Response to relief requested**: Defendants deny that Plaintiff is entitled to the relief he has requested at pages 14 and 15 of its complaint, or any relief whatsoever.

**Further response**: Defendants deny any allegations in the complaint that are not expressly admitted in this answer.

## AFRIMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Defendants reserve the right to name additional defenses as they may become known in this action.

Dated this 14th day of November 2025.

        Respectfully submitted,

        JOSHUA L. KAUL
        Attorney General of Wisconsin

        <u>s/ Colin T. Roth</u>
        COLIN T. ROTH
        Assistant Attorney General
        State Bar #1103985

        FAYE B. HIPSMAN
        Assistant Attorney General
        State Bar #1123933

        Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-7636 (Roth)
(608) 264-9487 (Hipsman)
(608) 294-2907 (Fax)
colin.roth@wisdoj.gov
faye.hipsman@wisdoj.gov


Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-7636 (Roth)
(608) 264-9487 (Hipsman)
(608) 294-2907 (Fax)
colin.roth@wisdoj.gov
faye.hipsman@wisdoj.gov