UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

INSTITUTE FOR REFORMING GOVERNMENT INC.

    Plaintiff,

v.

MARY BETH KEPPEL, et al.

    Defendants.

Case No. 2025-CV-1384

---

# RULE 26(f) JOINT PRETRIAL REPORT

Plaintiff by their undersigned attorneys at the Wisconsin Institute for Law & Liberty, and Defendants, by their undersigned attorneys at the Wisconsin Department of Justice, respectfully submit the following report pursuant to Fed. R. Civ. P. 26(f) in anticipation of the Rule 16 scheduling conference set for December 30, 2025 at 11:00 am. The parties met and conferred on December 2, 2025.

## NATURE OF THE CASE

This is a First Amendment challenge to the confidentiality requirements in state law and regulations related to the filing of requests for investigation at the Wisconsin Judicial Commission. Plaintiffs believe those requirements violate their First Amendment rights. Defendants disagree.

The parties submit the following proposed discovery plan:

1. **Rule 26(a) Initial Disclosures**. The parties agree to exchange initial disclosures on or before January 15, 2026.

2. **Disclosure of Experts**. The parties do not anticipate using experts in this case.

3. **Dispositive Motions**. The parties believe this case is likely to be fully resolved on cross-motions for summary judgment. The parties anticipate filing dispositive motions on or before August 3, 2026. The parties propose that Plaintiff would file a motion and supporting documents on August 3, 2026. Defendants would then file a cross-motion with a single combined brief responding to Plaintiff's motion and supporting their own by September 1, 2026. Plaintiff would file a combined reply/response brief by October 1, 2026. Finally, Defendants would file a reply in support of their cross motion by October 15, 2026. The parties believe this schedule would result in fewer briefs and a more efficient schedule for the parties and the Court.

4. **Discovery End Date**. The parties agree that all discovery should be completed by July 1, 2026.

5. **Trial Date**. While the parties believe it is likely this matter is resolved fully on summary judgment motions, if a trial is necessary the parties anticipate that this matter will be ready for trial approximately 90 days after the summary judgment motions are resolved.

6. **Subjects and Completion of Discovery**:

**A.     Subjects on which discovery may be needed**. The parties agree that the subjects of discovery may include: the factual circumstances regarding the Defendants' application of the confidentiality rules. Discovery may include written discovery (Interrogatories, Requests for Production of Documents, and Requests for Admissions) and depositions of the parties and witnesses.

**B.     Disclosures of Discovery of ESI**. At this time, the parties do not anticipate any special issues related to the disclosure or discovery of electronic information. The parties agree that they will produce either a hard-copy version of any formerly or currently electronically-stored information (ESI) in a form adequate and reasonable to satisfy each party's discovery requests herein for ESI, or in lieu of a hard copy, ESI on a memory stick, flash drive, or other similar medium. To the extent that either party makes discovery requests that either specifically seek ESI, or which necessarily involve a substantial amount of ESI retrieval and review, the parties agree to discuss sharing any ESI-related costs and/or methods of reducing ESI related costs.

**C.     Procedures Regarding Claims of Privilege and Work-Product Protection**. At this time, the parties do not anticipate any special issues related to the disclosure or discovery of attorney-client privileged or attorney work-product information. The parties agree that any documents in any format that contain attorney-client privileged information or legal work product (and all copies) shall be immediately returned to the producing party if the documents appear on their face to have been inadvertently produced or if there is notice of the inadvertent

production within seven (7) days after the producing party discovers that the inadvertent production occurred. The parties agree that the recipient of such inadvertently produced information will not use the information, in any way, in the prosecution of the recipient's case. Further, the parties agree that the recipient may not assert that the producing party waived privilege or work-product protection based upon the inadvertent production; however, the recipient may challenge the assertion of the privilege/protection and seek a court order denying the application of such privilege/protection.

Separate from attorney-client privileged and attorney work-product information, the parties anticipate that discovery issues could potentially arise from the confidentiality provisions in Wis. Stat. § 757.93. Those confidentiality provisions, under certain circumstances, bar Defendants from disclosing various information that may be relevant to Plaintiffs' claims. If such issues arise, the parties will meet-and-confer to discuss possible resolutions before bringing any dispute to this Court.

**D.    Limitations on Discovery**. At this time the parties do not propose any changes to the limitations on discovery, which are set forth by the Federal Rules or local rules.

Dated: December 15, 2025

                                            Respectfully Submitted,

                                            WISCONSIN INSTITUTE FOR
LAW & LIBERTY, INC.

*/s/ Lucas T. Vebber*
Lucas T. Vebber (#1067543)
Daniel P. Lennington (#1088694)

330 E. Kilbourn Ave., Suite 725
Milwaukee, WI 53202
Phone: (414) 727-9455
Fax: (414) 727-6385

Lucas@will-law.org
Dan@will-law.org

*Attorneys for Plaintiff*

JOSHUA L. KAUL
Attorney General of Wisconsin

<u>s/ Colin T. Roth</u>
COLIN T. ROTH
Assistant Attorney General
State Bar #1103985

FAYE B. HIPSMAN
Assistant Attorney General
State Bar #1123933

Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-7636 (Roth)
(608) 264-9487 (Hipsman)
(608) 294-2907 (Fax)
colin.roth@wisdoj.gov
faye.hipsman@wisdoj.gov