UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

INSTITUTE FOR REFORMING
GOVERNMENT INC.

      Plaintiff,

v.

                              Case No. 2025-CV-1384

MARY BETH KEPPEL, DONALD A.
DAUGHERTY, JR., ANALISE
EICHER, ROBERTA GASSMAN,
JOHN T. HENDRICKS, THOMAS
HRUZ, RHONDA LANFORD,
BARBARA NOTESTEIN in their
Official Capacities as Members of the
Wisconsin Judicial Commission,

      Defendants.

---

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF SUMMARY JUDGMENT**

---

WISCONSIN INSTITUTE FOR
LAW & LIBERTY

Lucas T. Vebber (#1067543)
Daniel P. Lennington (#1088694)

1241 N. Franklin Place
Milwaukee, WI 53202
Phone: (414) 727-7361

Lucas@will-law.org
Dan@will-law.org

*Attorneys for Plaintiff*

# TABLE OF CONTENTS

INTRODUCTION ............................................................................................................ 1

BACKGROUND .......................................................................................................... 2

LEGAL STANDARD ................................................................................................... 5

ARGUMENT ................................................................................................................ 6

   I. The Confidentiality Provisions are Content-Based Restrictions on Protected Speech Subject to Strict Scrutiny ...................................................... 7

   II. The Confidentiality Provisions Fail Strict Scrutiny ......................................... 8

      A. Defendants have no compelling interest in suppressing IRG's speech about its own, closed Request for Investigation. .......................................... 8

      B. The confidentiality provisions are not narrowly tailored to any legitimate Commission interest. ............................................................... 13

   III. The Confidentiality Provisions Are Unconstitutionally Vague and Overbroad ........................................................................................................ 15

      A. The Confidentiality Provisions are unconstitutionally vague. ................... 15

      B. The Confidentiality Provisions are overbroad and sweep substantially more speech than any legitimate interest could justify. 17

   IV. Plaintiff Continues to Suffer Injury and a Permanent Injunction is Proper. ............................................................................................................. 19

CONCLUSION ......................................................................................................... 21

Case 2:25-cv-01384-LA    Filed 08/03/26    Page 2 of 24    Document 29-1

## INTRODUCTION

When Plaintiff, Institute for Reforming Government Inc. ("IRG"), identified what it believed to be serious misconduct by a judge, it filed a Request for Investigation with the Defendants, Wisconsin Judicial Commission ("Commission").

Ordinarily, that is only the beginning of Plaintiff's advocacy. When Plaintiff, a nonpartisan, nonprofit institute that works for government accountability, takes a major public step like this, it follows up with press releases, talk radio appearances, and outreach to its supporters and the media. But in this instance, Wisconsin law forbade them from speaking at all. Under Wis. Stat. § 757.93(1)(a) and Wis. Admin. Code JC § 3.01 (herein, the "Confidentiality Provisions"), anyone who discusses the substance of a Request for Investigation risks Commission-imposed sanctions—dismissal, admonishment, or some undefined "other appropriate action." So Plaintiff stayed silent, even after the Commission closed the matter without explanation and left the underlying allegations unresolved in the public record. Plaintiff, through counsel, asked Defendants to confirm, in writing, that they would be free to discuss its Request without fear of punishment. Defendants refused.

Plaintiff, under fear of punishment from the Commission, has abided by those confidentiality requirements while this litigation has pended. And now asks this Court to hold that Wisconsin cannot continue to restrict its protected speech any longer. Wisconsin's confidentiality scheme is content-based and triggers strict scrutiny; Defendants can identify no compelling interest in barring speech about a resolved request to investigate a sitting judge's campaign conduct; and even if they

could, the requirements are not narrowly tailored. Further, the scheme is also, independent of that analysis, unconstitutionally vague and overbroad.

Because there is no genuine dispute of material fact, and because Wisconsin's scheme cannot survive constitutional scrutiny under any of these independent grounds, Plaintiff respectfully requests that this Court grant summary judgment, declare Wis. Stat. § 757.93(1)(a) and Wis. Admin. Code JC § 3.01 unconstitutional, and enjoin their enforcement.

## BACKGROUND

The Wisconsin Constitution provides that "[e]ach justice or judge shall be subject to reprimand, censure, suspension, removal for cause or for disability, by the supreme court pursuant to procedures established by the legislature by law." Wis. Const. Art VII, § 11.

The legislature has established such procedures through the creation of the Wisconsin Judicial Commission, and the procedures it set forth for its operations. Wis. Stat. § 757.83 et seq. The Commission must "investigate any possible misconduct or permanent disability of a judge or circuit or supplemental court commissioner." Wis. Stat. § 757.85(1)(a).

The Commission explains that it "has statutory authority to initiate an investigation upon receipt of information from any reliable source alleging that a judicial official has engaged in misconduct or has a permanent disability that impairs his or her performance." *See* Decl. Curtis, Ex. A, p. 4 (Wis. Judicial Commission, 2025 Annual Report). Individuals can request the Commission investigate allegations

through the submission of a "request for Investigation" form which is published and made available by the Commission. *See* Decl. Curtis, Ex. B.

Plaintiff Institute for Reforming Government Inc. ("IRG") is a nonpartisan think tank that engages the public on the workings of Wisconsin's courts through its Court Watch initiative. Decl. Curtis, ¶¶ 3–6. When IRG identified what it believes was serious misconduct by a sitting judge, it did what any watchdog organization would do: it filed such a Request for Investigation with the Commission. Decl. Curtis ¶ 13.

As a nonprofit operating to advance the public interest in government accountability, Plaintiff seeks to make nearly all of its work known to the public. For example, when Plaintiff takes a major step like this, it follows up with press releases, talk radio appearances, and outreach to its supporters and the media. Decl. Curtis ¶¶ 20–23. But in this instance, Wisconsin law forbade it from speaking in that manner. Ans. 19, Decl. Curtis, ¶ 28.

When a Request for Investigation is filed, the Commission will review it and determine whether it will file a petition or formal complaint. Decl. Curtis, ¶ 9, Ex. A. But until such a formal complaint is filed by the Commission, Wisconsin state law mandates that "[a]ll proceedings relating to misconduct or permanent disability prior to the filing of a petition or formal complaint by the commission" before the Commission are confidential, unless the judicial official waives confidentiality or one of the narrow statutory exceptions applies. Wis. Stat. § 757.93(1)(a).

If information about Commission proceedings reaches the public anyway, Wis. Stat. § 757.93(2) allows the Commission (and not any complainant) to "correct the record":

> If prior to the filing of a formal complaint or a petition an investigation of possible misconduct...becomes known to the public, the commission may issue statements in order to confirm pendency of the investigation, to clarify the procedural aspects of the disciplinary proceedings, to explain the right of the judge...to a fair hearing without prejudgment, to state that the judge...denies the allegations, to state that an investigation has been completed and no probable cause was found or to correct public misinformation.

Wis. Stat. § 757.93(2). But complainants have no such ability to "correct the record" if misinformation about their complaint is made public.

The Wisconsin Judicial Commission's promulgated regulations regarding confidentiality state the following:

> The proceedings of the judicial commission prior to the filing of a formal complaint concerning misconduct or a petition concerning permanent disability are confidential, unless a written waiver of confidentiality has been made by the judge or court commissioner. If a person who makes an allegation under s. JC 4.01 or 5.01 breaches the confidentiality of the investigation, the commission may dismiss the allegation, admonish the person or take other appropriate action.

Wis. Admin. Code JC § 3.01.

The allegations within Plaintiff's Request for Investigation are subject to the foregoing Confidentiality Provisions. Ans. ¶ 19. The request was solely related to the judge's statements in the press, divorced from any bench conduct or pending case. Decl. Curtis. ¶ 18. Because of the Confidentiality Provisions, IRG refrained from undertaking its normal public disclosure and advocacy, fearing enforcement. Decl. Curtis. ¶ 26. This fear was not unfounded, as JC § 3.01 has a concrete enforcement history. Decl. Curtis, ¶¶ 31–35.

To confirm its right to speak, Plaintiff had their counsel ask Defendants to confirm, in writing, whether it could discuss its own Request without fear of punishment. Decl. Curtis ¶ 38, Ex. D. The Commission responded by refusing to provide such confirmation. Decl. Curtis ¶ 40. Thereafter, the Commission officially closed the matter and reaffirmed that Commission proceedings related to the Request for Investigation remain strictly and indefinitely confidential. Ans. ¶ 38; Compl. ¶ 38; Decl. Curtis ¶ 41.

Because of this, Plaintiff is barred from asking Commission members why they determined no further action was warranted, despite the lack of legal or policy reasons provided in the July 18 letter. Decl. Curtis, ¶ 42. Further, Plaintiff cannot publicly criticize the judge's original conduct, nor can it criticize the Commission's refusal to act on the Request for Investigation. Decl. Curtis, ¶ 44–46.

Left with no other recourse, Plaintiff brought this action and now files this Motion for Summary Judgment.

## LEGAL STANDARD

Summary judgment is proper when there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, a court must make all reasonable inferences and view the evidence in the light most favorable to the non-moving party. *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017). Summary judgment is warranted where the party opposing the motion fails "to establish the existence of an element essential to the party's case, and on which that party will

bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018).

Summary judgment is appropriate here. The material facts—the Confidentiality Provisions' text, their admitted application to IRG's Request for Investigation, and the Commission's refusal to clarify or explain its decision—are not disputed. Only the legal conclusions Defendants draw from those facts are contested. IRG is entitled to judgment as a matter of law.

## ARGUMENT

The relevant material facts are not in dispute, and this case presents the Court with pure questions of law. Summary judgment is appropriate, and the Court should declare the Confidentiality Provisions unconstitutional on their face and as applied to Plaintiff.

First, the Confidentiality Provisions are content-based restrictions on protected speech, which are subject to strict scrutiny. As such, the burden shifts to the Defendants to show they are narrowly tailored to a compelling government interest—here the Defendants cannot make such a showing. And second, the Confidentiality Provisions are also unconstitutionally vague and overbroad. In any event, they violate the First Amendment and should be declared unconstitutional.

The ability to discuss complaints, and to hold Defendants accountable in the public for failing to pursue a complaint are vital matters of public scrutiny. "Public scrutiny 'enhances the quality and safeguards the integrity of the factfinding process,' 'fosters an appearance of fairness, thereby heightening public respect for the judicial

process,' and 'permits the public to participate in and serve as a check upon the judicial process—an essential component in our structure of self-government.'" *C.R. Corps v. LaSalle*, No. 24-2251-CV, --- F.4th ----, 2026 WL 2177359, at *15 (2d Cir. July 29, 2026) *quoting Globe Newspaper Co. v. Superior Ct. for Norfolk Cnty.*, 457 U.S. 596, 606 (1982). For the reasons herein, this court should ensure that public scrutiny remains viable and strong, and grant Plaintiff's Motion for Summary Judgment.

## I. The Confidentiality Provisions are Content-Based Restrictions on Protected Speech Subject to Strict Scrutiny

The First Amendment, applicable to the states through the Fourteenth Amendment, prohibits laws "abridging the freedom of speech." U.S. Const., Amend I; *Stromberg v. People of State of Cal.*, 283 U.S. 359, 368 (1931). "A regulation of speech is facially content based under the First Amendment if it 'target[s] speech based on its communicative content'—that is, if it 'applies to particular speech because of the topic discussed or the idea or message expressed.'" *City of Austin v. Reagan Nat'l Advert. of Austin, LLC*, 596 U.S. 61, 69 (2022); quoting *Reed v. Town of Gilbert*, 576 U.S. 155, 163 (2015).

The Confidentiality Provisions single out speech regarding a specific topic: the contents and allegations of a Request for Investigation filed with the Wisconsin Judicial Commission and the Commission's handling of that request. Speech about those allegations, and speech criticizing the Commission's refusal to investigate those allegations, lie at the very heart of the First Amendment. Here, the Confidentiality Provisions facially distinguish regulated speech based on subject matter. Wisconsin law removes "all proceedings related to misconduct...prior to the filing of a petition or

formal complaint by the commission" from public discourse. Wis. Stat. § 757.93(1)(a). Likewise, the first sentence of Wis. Admin. Code JC § 3.01 imposes effectively the identical content-based restriction. Consequently, one is legally barred from discussing one specific subject—the allegations and details of a Request for Investigation. Defendants confirm this reading of the provisions in their answer. Ans. ¶ 21.

The Confidentiality Provisions plainly represent content-based regulations on speech and are subject to strict scrutiny.

## II.    The Confidentiality Provisions Fail Strict Scrutiny

The Confidentiality Provisions' "content-based restrictions on speech…can stand only if they survive strict scrutiny" and that "requires the Government to prove that the restriction[s] further[] a compelling interest and [are] narrowly tailored to achieve that interest." *Reed*, 576 U.S. at 171 (citation omitted). Thus it is Defendants' burden to demonstrate that the Confidentiality Provisions' targeting of particular speech furthers a compelling interest and that those provisions are narrowly tailored to that end. But Defendants simply cannot make such a showing.

### A.    Defendants have no compelling interest in suppressing IRG's speech about its own, closed Request for Investigation.

Every plausible compelling interest that Defendants may claim for the Confidentiality Provisions has already been foreclosed by caselaw.

First, this case is controlled by *Landmark Communications, Inc. v. Virginia*, 435 U.S. 829 (1978), which held that the First Amendment bars states from subjecting individuals to criminal sanctions for divulging information "regarding

proceedings before a state judicial review commission which is authorized to hear complaints as to judges' disability or misconduct, when such proceedings are declared confidential by the State Constitution and statutes." *Id.*, 435 U.S. at 830.

*Landmark* involved a third-party newspaper that published an article identifying a judge under investigation by the Commonwealth of Virginia's similarly situated Commission. *Id.* at 831-33. The newspaper was charged and convicted under Virginia law, which imposed a fine for divulging information regarding Judicial Inquiry and Review Commission proceedings. *Id.* at 833-34. The Supreme Court reversed, and relevant here, explained that the state interests in confidentiality, specifically—protecting the reputation of its judges, and maintaining the institutional integrity of the court system—were insufficient to justify its punishment of speech that would otherwise be allowed. *See Id.* at 841–42.

Furthermore, the Supreme Court firmly rejected the notion that a state's own confidentiality designations could immunize the proceedings of a court from public discussion, noting that "[t]he operations of the court and the judicial conduct of judges are matters of the utmost public concern" and "the law 'gives [j]udges as persons, or courts as institutions...no greater immunity from criticism than other persons or institutions.'" *Id.* at 839 (quoting *Bridges v. California*, 314 U.S. 252, 289 (1941) (Frankfurter, J., dissenting)).

Here, Plaintiff wants to be able to disclose allegations made and rejected by the commission. There is no ongoing investigation or proceeding. They simply want to make the allegations known to the public, to be able to discuss them openly, and

to further engage in dialogue about whether the Defendants properly dismissed those allegations.

*Landmark* controls here. It is binding authority that says Defendants' likely proffered interest is not sufficiently compelling under this analysis. Other federal courts have considered similar state confidentiality laws that restrict a complainant's ability to disclose the allegations of their own complaint, and those cases compel the same conclusion: Wisconsin has no compelling interest.

In *Doe v. Gonzalez*, 723 F. Supp. 690 (S.D. Fla. 1988) *aff'd*, 886 F.2d 1323 (11th Cir. 1989), the Southern District of Florida reviewed a Florida law that prevented a complainant from speaking and publishing articles about his own ethics complaints by imposing a misdemeanor penalty for any participant who disclosed the existence, or content of their complaint with the Florida Ethics Commission. *Id.*, 723 F. Supp. at 691.

In *Doe,* the state attempted to advance six allegedly compelling interests in support of their speech restriction: (1) "to prevent a complainant who might have self-serving motives from publicly discussing a particular complaint that may be unfounded until a preliminary investigation has been completed"; (2) "to minimize the risk of injury to the reputation of a public official caused by any adverse publicity from unfounded complaints"; (3) "to maintain the public's confidence in its elected officials by preventing the premature disclosure of a complaint that may be ultimately proved unfounded"; (4) "to protect the complainants and witnesses from possible recrimination"; (5) "to facilitate the investigation of the complaint"; and (6)

"to prevent the potential use of a state agency to help injure the reputation of another person." *Doe*, 723 F. Supp. at 693.

Similar arguments would fail here under the reasoning applied by the court in *Doe*. There, the court rejected the first, noting "a prior restraint on speech cannot be justified because such speech *might* be 'self-serving' or 'unfounded.'" *Id*. And further, like in *Doe*, "in the case at bar, there are no allegations that the complainant is acting due to self-serving motives" or that the complaints are unfounded. *Id.*

The court recognized that the second and third purported interests are "the very interests that were found insufficient by the Supreme Court in the *Landmark* case," *id.* at 694, and cannot serve as a compelling interest here.

While the *Doe* court found the other three interests compelling, Defendants cannot claim those interests here. The fourth interest in *Doe* is inapplicable here because the *complainants* themselves seek to make the prohibited disclosure, and so there is no need to protect them from "recrimination". The fifth alleged interest is likewise inapplicable because the complaint has already been dismissed and there is no ongoing investigation.

The final interest offered in *Doe*, "preventing the use of a state agency to help injure the reputation of another person," *id.,* is also not applicable here. Plaintiff simply wants to publicly discuss why it believes the Commission failed to properly analyze the claims made, but it is prohibited from doing so.

Similarly, the Supreme Court, in *Butterworth v. Smith*, 494 U.S. 624 (1990), considered other proffered interests behind another Florida statute akin to

Wisconsin's statute here. There, on First Amendment grounds, the Supreme Court struck down a Florida law that prohibited grand jury witnesses from disclosing their own testimony after the grand jury's conclusion. *Id.*, 494 U.S. at 628–29. This time, the State of Florida's chief interest was in shielding persons who are accused but exonerated by the grand jury from public ridicule. *Id.* at 634. But the Court rejected that interest, relied on *Landmark*, and maintained that "absent exceptional circumstances, reputational interests alone cannot justify the proscription of truthful speech." *Id.*

The state interests offered to justify the speech restrictions in *Landmark, Doe,* and *Butterworth* are foreclosed or uncompelling here. Defendants admit that the Confidentiality Provisions apply to Plaintiff's Request for Investigation with no stated articulation as to why. Ans. ¶¶ 19, 53, 55, 61. And, at the same time, the Request for Investigation is a closed matter (Decl. Curtis, ¶ 41), and did not relate to any pending case (Decl. Curtis, ¶ 18).

And in related contexts, Courts have reached similar conclusions. For example, the Second Circuit recently issued an opinion declaring that a New York law's confidentiality rule for attorney disciplinary proceedings violated the First Amendment. *See C.R. Corps v. LaSalle*, No. 24-2251-CV, --- F.4th ----, 2026 WL 2177359 (2d Cir. July 29, 2026).

Defendants bear the burden of identifying a compelling interest, and any interest it may offer has already been foreclosed by other courts that rejected the same justifications—protecting reputation, avoiding premature disclosure,

encouraging complaints, etc.—that confidentiality regimes like Wisconsin's typically invoke.

There is no compelling state interest in the Confidentiality Provisions.

**B.      The confidentiality provisions are not narrowly tailored to any legitimate Commission interest.**

Even if Defendants *could* establish they have some compelling state interest to justify § 757.93(1)(a) and JC § 3.01, those provisions would certainly not be narrowly tailored to any such interest.

To meet the requirement of narrow tailoring, "the government must demonstrate that alternative measures that burden substantially less speech would fail to achieve the government's interests, not simply that the chosen route is easier." *McCullen v. Coakley*, 573 U.S. 464, 467 (2014). Assuming a state's interests are sufficient, they must be pursued through the least restrictive means available. *Doe*, 723 F. Supp. at 694–95 (holding that protecting complainants and witnesses from recrimination could be advanced by less drastic means than requiring full confidentiality).

Here, the Confidentiality Provisions impose a *perpetual* bar on *any* public discussion of Judicial Commission proceedings, even after those proceedings have been closed and a complaint has been dismissed. Apparently, the Judicial Commission interprets "all proceedings..." in Wis. Stat. § 757.93(1)(a) to encompass all substantive information in Plaintiff's Request for Investigation. Under this reading, Plaintiff could not correct a factual inaccuracy about its own dismissed Request a decade from now. Indeed, Plaintiff also could not respond if a reporter

somehow obtained the complaint and mischaracterized what it had alleged, and could not even confirm the Request's existence in response to a public inquiry, irrespective of how much time has passed or how conclusively the matter has been resolved. And all this despite the fact that the complaint has been dismissed and there is no action ongoing.

The statute is simply not narrowly tailored. For example, confidentiality could terminate automatically once the Commission closes a matter without further action (as here). Alternatively, confidentiality could be limited to the Commission's own internal deliberations rather than the Requester's substantive allegations. Either option presents a narrower, balanced version of the Commission's current interpretation.

Furthermore, Wisconsin's own statute confirms that narrower alternatives exist. Wis. Stat. § 757.93(2) permits the Commission to issue public statements confirming the pendency of an investigation, stating that no probable cause was found, or correcting public misinformation—precisely the kind of speech that the Confidentiality Provisions deny Plaintiff and every other complainant. Wis. Stat. § 757.93(2).

Less restrictive alternatives exist (temporary confidentiality during active investigation, protection limited to pending cases, etc.). But as it stands, Defendants can identify no conceivable compelling interest justifying their restrictions on speech. Even if they could, the Confidentiality Provisions are not narrowly tailored to any such conceivable interest.

Thus, the Confidentiality Provisions fail strict scrutiny and are unconstitutional under the First Amendment, and Plaintiff's Motion for Summary Judgment should be granted.

### III. The Confidentiality Provisions Are Unconstitutionally Vague and Overbroad.

Further, the Confidentiality Provisions themselves are both unconstitutionally vague and overbroad regulations on speech and are unconstitutional for these independent grounds as well. "Whether the argument is styled as overbreadth or vagueness, the central question…is whether the provisions at issue potentially reach a 'substantial' amount of protected speech." *Center for Individual Freedom v. Madigan*, 697 F.3d 464, 479–80 (7th Cir. 2012). As explained below, the restrictions themselves are both vague and overbroad, and they absolutely reach a substantial amount of protected speech.

### A. The Confidentiality Provisions are unconstitutionally vague.

The Confidentiality Provisions fail to put speakers on fair notice about what conduct is prohibited, when it is prohibited, and the requisite penalty for breach; they are thus impermissibly vague and unconstitutional. The "void for vagueness doctrine" under the Due Process Clause of the Fifth Amendment requires the invalidation of laws that are impermissibly vague. *FCC v. Fox Television Stations, Inc.*, 567 U.S. 239, 253 (2012). The doctrine addresses two independent concerns, first that "[r]egulated parties should know what is required of them so they may act accordingly"; second, "precision...[is] necessary so that those enforcing the law do not act in an arbitrary and discriminatory way." *Id*. at 253. When speech is involved, rigorous adherence to

those requirements is necessary to ensure that ambiguity does not chill protected speech. *Id.* at 253–54.

Here within the Confidentiality Provisions, it is facially unclear what Wis. Stat. § 757.93(1)(a)'s command that all proceedings "related to misconduct…prior to the filing of a petition or formal complaint by the commission" means.

First, it is unclear whether the Commission intends for the Confidentiality Provisions to apply to communications about the filing of the Request for Investigation (including the substance of the Request), or just to subsequent investigatory actions of the Commission that occur after the Request has been filed. In their answer in this action, Defendants implicitly concede that the substance of the initial Request for Investigation is confidential. Ans. ¶ 21.

Second, Wis. Stat. § 757.93(1)(a) is meant to cover what information about the Judicial Commission complaint process is confidential, but it has no clear time limit on those restrictions. The statute has no limiting language denoting for example that the information is "confidential until..." So, as in this case, when a party submits a Request for Investigation and it is denied, the current language appears to *permanently* enjoin that party from discussing and criticizing the matter because § 757.93(1)(a) can be interpreted to drench any activity up to that point in confidentiality restrictions. Of course, had the complainant just gone "public" with their allegations instead of filing a complaint, they would not be subject to punishment at all.

The Confidentiality Provisions not only lack precision but they also explicitly allow for arbitrary enforcement. Wis. Admin. Code JC § 3.01 already preemptively forbids complainants in Judicial Commission proceedings, like Plaintiff here, from communicating information about their allegations. But if they do, the Commission may "...take other appropriate action" in response. Wis. Admin. Code JC § 3.01. What is "appropriate" is undefined and completely vague. This phrase could mean anything from a private warning or a public statement to a monetary sanction or a referral to the Office of Lawyer Regulation. In turn, a speaker is completely unable to weigh the risk of their speech against the consequences that may result.

This open-ended punishment is the paradigm of standardless enforcement, which leaves the severity and nature of repercussions entirely up to the Defendants' discretion. Thus, Wis. Admin. Code JC § 3.01 instills the Commission with unbounded discretion by directly allowing arbitrary enforcement.

The Confidentiality Provisions are unconstitutionally vague because they fail on their face to give speakers notice about what type of information is confidential, and utilize open-ended arbitrary enforcement provisions to threaten them with punishment unless they remain silent. Plaintiff's Motion for Summary Judgment should be granted.

**B.  The Confidentiality Provisions are overbroad and sweep substantially more speech than any legitimate interest could justify.**

The Confidentiality Provisions are also overbroad and this provides yet another independent ground for them to be declared unconstitutional. Under the

overbreadth doctrine, a challenger must demonstrate that a statute "prohibits a substantial amount of protected speech," relative to its "plainly legitimate sweep" to show that society's interest in free expression outweighs its interest in the statute's lawful applications. *United States v. Hansen*, 599 U.S. 762, 770 (2023) (citation omitted). If it does, the law is facially invalid.

For an overbreadth challenge, the Court begins this inquiry by determining what the statute covers. *Id.* at 770. Here, the plain text and Defendants' own interpretation of the Confidentiality Provisions are instructive. "All proceedings related to misconduct...before the filing of a formal complaint...by the commission" in § 757.93(1)(a) and the similar language in Wis. Admin. Code JC § 3.01 squarely covers the content of Plaintiff's Request for Investigation. Additionally, even if a Request for Investigation is denied, there is no time limit on the confidentiality mandate; it continues indefinitely, even after the matter is closed.

In contrast, the provisions' "plainly legitimate sweep" covers less. Indeed, even if Wisconsin could argue some legitimate interest in confidentiality while a Request for Investigation remains pending and under review, it would still be time limited and not indefinite. For example, protecting a judge from public airing of unsubstantiated allegations before the Commission has had an opportunity to evaluate them. But the Confidentiality Provisions go much further.

First, as explained, the restriction persists indefinitely after the Commission has closed the matter entirely (*see* Decl. Curtis, ¶ 41), at which point there are no

ongoing investigations, no undecided allegations, and no unresolved questions of conduct remaining to protect.

Second, the restriction applies regardless of whether the underlying Request was frivolous or substantial; Plaintiff's request here was grounded in existing Wisconsin Supreme Court precedent (Decl. Curtis, ¶ 19), and signed by at least one attorney (Defs.' Answer ¶ 22; Decl. Curtis, ¶¶ 2, 7), yet is treated no differently than a baseless filing.

Third, the restriction bars not only discussion of the underlying allegations, but also *any* public criticism of the Commission's own refusal to act—speech about a government body's exercise (or failure to exercise) its official authority sits at the core of protected speech. "Criticism of government is at the very center of the constitutionally protected area of free discussion. Criticism of those responsible for government operations must be free, lest criticism of government itself be penalized." *Rosenblatt v. Baer*, 383 U.S. 75, 85 (1966).

The Confidentiality Provisions reach far beyond any potential legitimate sweep; indeed they substantially exceed it. *See Hansen*, 599 U.S. at 770. Plaintiff's Motion for Summary Judgment should be granted.

## IV. Plaintiff Continues to Suffer Injury and a Permanent Injunction is Proper.

A declaratory judgment is proper where, as here, "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citation omitted); *see also* 28 U.S.C. § 2201.

That controversy is squarely presented here: Defendants have confirmed that the Confidentiality Provisions apply to IRG's Request for Investigation, *See, e.g.* Ans. ¶ 19, and have refused Plaintiff's request to confirm that Plaintiff may discuss it without fear of Commission sanction. Decl. Curtis, ¶¶ 38–40.

A permanent injunction is warranted where a plaintiff demonstrates actual success on the merits, irreparable harm absent an injunction, that the balance of equities favors relief, and that an injunction serves the public interest. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Each element is satisfied here.

Plaintiff has succeeded on the merits for the reasons set forth above: Wisconsin's Confidentiality Provisions are unconstitutional content-based restrictions that fail strict scrutiny and are also unconstitutionally vague and overbroad. The loss of First Amendment freedoms, "for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). Plaintiff has already suffered this harm for over a year and continues to suffer it every day it remains unable to discuss its Request for Investigation. The balance of equities favors Plaintiff here too: Defendants have no legitimate interest in enforcing an unconstitutional restriction, while IRG's core speech and associational interests remain suppressed. Finally, "injunctions protecting First Amendment freedoms are always in the public interest." *Christian Legal Soc'y v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006) (citation omitted), particularly where, as in *Landmark* and *Butterworth*, the speech at issue concerns the operations of government bodies and the truthful reporting of one's own experience with them.

This is not merely an individual dispute between Plaintiff and the Commission. Wisconsin's confidentiality scheme applies to everyone who files a Request for Investigation with the Commission, and "chills" exactly the kind of speech—public discussion of alleged misconduct—that lies at the heart of the First Amendment. Broad declaratory and injunctive relief is therefore appropriate to remedy the violation as to Plaintiff and to prevent Defendants from continuing to enforce an unconstitutional scheme against other speakers going forward. *See Citizens United v. FEC*, 558 U.S. 310, 333 (2010) (recognizing the propriety of facial review given a statute's "nationwide chilling effect").

Accordingly, this Court should declare Wis. Stat. § 757.93(1)(a) and Wis. Admin. Code JC § 3.01 unconstitutional, both facially and as applied to Plaintiff, and permanently enjoin Defendants from enforcing them.

## CONCLUSION

Plaintiffs therefore respectfully ask this Court to grant its Motion for Summary Judgment and enter the requested relief.

Dated: August 3, 2026

Respectfully Submitted,

WISCONSIN INSTITUTE
FOR LAW & LIBERTY

*s/ Lucas T. Vebber*

Lucas T. Vebber (#1067543)
Daniel P. Lennington (#1088694)

1241 N. Franklin Place
Milwaukee, WI 53202
Phone: (414) 727-9455

Lucas@will-law.org
Dan@will-law.org

*Attorneys for Plaintiff*

Case 2:25-cv-01384-LA     Filed 08/03/26     Page 24 of 24     Document 29-1