UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

INSTITUTE FOR REFORMING
GOVERNMENT INC.

      Plaintiff,

                          Case No. 2025-CV-1384

v.

MARY BETH KEPPEL, DONALD A.
DAUGHERTY, JR., ANALISE
EICHER, ROBERTA GASSMAN,
JOHN T. HENDRICKS, THOMAS
HRUZ, RHONDA LANFORD,
BARBARA NOTESTEIN in their
Official Capacities as Members of the
Wisconsin Judicial Commission,

      Defendants.

## PLAINTIFF'S PROPOSED MATERIAL FACTS

Pursuant to Civ. L. R. 56 (b) (1) (C), Plaintiff hereby submits the following proposed material facts which Plaintiff contends there is no genuine issue and entitle Plaintiff to judgment as a matter of law:

1.      The Wisconsin Constitution provides that "[e]ach justice or judge shall be subject to reprimand, censure, suspension, removal for cause or for disability, by the supreme court pursuant to procedures established by the legislature by law." Wis. Const. Art VII, § 11.

2. The legislature has established such procedures through the creation of the Wisconsin Judicial Commission, and the procedures it set forth for its operations. Wis. Stat. § 757.83 et seq; Compl.[1] ¶ 10; Ans.[2] ¶ 10.

3. The Commission must "investigate any possible misconduct or permanent disability of a judge or circuit or supplemental court commissioner." Wis. Stat. § 757.85(1)(a).

4. The Commission has statutory authority to initiate an investigation upon receipt of information from any reliable source alleging that a judicial official has engaged in misconduct or has a permanent disability that impairs his or her performance. Decl. Curtis[3], Ex. A, p. 4 (Wis. Judicial Commission, 2025 Annual Report).

5. Individuals can request the Commission investigate allegations through the submission of a "request for Investigation" form which is published and made available by the Commission. Compl. ¶ 13; Ans. ¶ 13; Decl. Curtis ¶¶ 11–12, Ex. B.

6. Plaintiff Institute for Reforming Government Inc. ("IRG") is a nonpartisan think tank that engages the public on the workings of Wisconsin's courts through its Court Watch initiative. Decl. Curtis, ¶¶ 3–6.

---

[1] The Complaint is ECF #1.

[2] The Answer is ECF #24.

[3] The Declaration of Jacob Curtis and the Exhibits attached thereto are being filed with these Summary Judgment materials.

7.     When IRG identified what it believes was serious misconduct by a sitting judge, it did what any watchdog organization would do: it filed such a Request for Investigation with the Commission. Decl. Curtis ¶ 13.

8.     As a nonprofit operating to advance the public interest in government accountability, Plaintiff seeks to make all of its work known to the public. Decl. Curtis ¶¶ 20–21.

9.     When Plaintiff takes a major action such as filing a Request for Investigation, it follows up with press releases, talk radio appearances, and outreach to its supporters and the media. Decl. Curtis ¶¶ 20–23.

10.     But in this instance, Wisconsin law forbade it from speaking in that manner, and so IRG did not. Compl. ¶ 19; Ans. ¶ 19; Decl. Curtis, ¶ 28.

11.     When a Request for Investigation is filed, the Commission will review it and determine whether it will file a petition or formal complaint. Decl. Curtis, ¶ 9, Ex. A.

12.     But until such a formal complaint is filed by the Commission, Wisconsin state law mandates that "[a]ll proceedings … relating to misconduct or permanent disability prior to the filing of a petition or formal complaint by the commission" before the Commission are confidential, unless the judicial official waives confidentiality or one of the narrow statutory exceptions applies. Wis. Stat. § 757.93(1)(a).

13.     If information about Commission proceedings reaches the public anyway, Wis. Stat. § 757.93(2) allows the Commission (and not any complainant) to

correct the record, but complainants have no such ability to correct the record if it believes misinformation about a complaint is made public. Wis. Stat. § 757.93(2);

14. Plaintiffs filed a Request for Investigation form with the Commission, and the allegations within that Request for Investigation are subject to the Confidentiality Provisions challenged in this action. Compl. ¶ 19; Ans. ¶ 19.

15. The request was solely related to the judge's statements in the press, divorced from any bench conduct or pending case. Decl. Curtis. ¶ 18. Because of the Confidentiality Provisions, IRG refrained from undertaking its normal public disclosure and advocacy, fearing enforcement. Decl. Curtis. ¶ 26.

16. Justices of the Wisconsin Supreme Court have recently called to enforce the Confidentiality Provisions against an attorney. Compl. ¶ 32; Ans. ¶ 32; Decl. Curtis, ¶¶ 31–35, Ex. B.

17. To confirm its right to speak, Plaintiff had their counsel ask Defendants to confirm, in writing, whether it could discuss its own Request without fear of punishment. Decl. Curtis, Ex. D.

18. The Commission responded by refusing to provide such confirmation. Decl. Curtis ¶ 40.

19. Thereafter, the Commission officially closed the matter and reaffirmed that Commission proceedings related to the Request for Investigation remain strictly and indefinitely confidential. Compl. ¶ 38; Ans. ¶ 38; Decl. Curtis ¶ 41.

20.    Plaintiff is barred by the Confidentiality Provisions from asking Commission members why they determined no further action was warranted, despite the lack of legal or policy reasons provided in the July 18 letter. Decl. Curtis, ¶ 42.

21.    Further, Plaintiff cannot publicly criticize the judge's original conduct, nor can it criticize the Commission's refusal to act on the Request for Investigation. Decl. Curtis, ¶ 44–46.

Dated: August 3, 2026

Respectfully Submitted,

WISCONSIN INSTITUTE
FOR LAW & LIBERTY

*s/ Lucas T. Vebber*

Lucas T. Vebber (#1067543)
Daniel P. Lennington (#1088694)

1241 N. Franklin Place
Milwaukee, WI 53202
Phone: (414) 727-9455

Lucas@will-law.org
Dan@will-law.org

*Attorneys for Plaintiff*