INSTITUTE FOR REFORMING
GOVERNMENT INC.

      Plaintiff,

                                Case No. 2025-CV-1384

v.

MARY BETH KEPPEL, DONALD A.
DAUGHERTY, JR., ANALISE
EICHER, ROBERTA GASSMAN,
JOHN T. HENDRICKS, THOMAS
HRUZ, RHONDA LANFORD,
BARBARA NOTESTEIN in their
Official Capacities as Members of the
Wisconsin Judicial Commission,

      Defendants.

## DECLARATION OF JACOB CURTIS

I, Jacob Curtis, General Counsel and Director of the Center for Investigative Oversight at the Institute for Reforming Government Inc., declare that, if called upon, I could and would competently testify to the following:

1. I am over the age of eighteen (18) years, am competent to testify to the matters set forth herein, and make this Declaration based on my personal knowledge.

2. I am a Wisconsin Attorney and serve as General Counsel of Plaintiff Institute for Reforming Government Inc. ("IRG") and Director of its Center for Investigative Oversight.

3. IRG is a Wisconsin nonstock corporation which operates as a 501(c)(3) nonprofit.

4. IRG is a think tank whose mission is to encourage, educate, and inform people about the workings of all levels of government and includes promoting accountability and transparency by conducting and supporting rigorous, independent, and objective oversight.

5. In addition to the Center for Investigative Oversight, IRG maintains the Court Watch initiative to engage the public on the work of Wisconsin's state courts.

6. As a think tank, IRG and Court Watch regularly engage in public advocacy and discussion around judicial issues, including maintaining a dedicated website for Court Watch projects and initiatives.

7. I am a licensed attorney in the State of Wisconsin with seventeen years of experience.

8. Before joining IRG, I served as chief legal counsel at the Wisconsin Department of Natural Resources and as outside counsel to dozens of county governments across Wisconsin, which gave me familiarity with Wisconsin's government ethics rules. Additionally, I have advised numerous judicial candidates.

9. In its annual report, the Wisconsin Judicial Commission (the "Commission") explains that it "has statutory authority to initiate an investigation upon receipt of information from any reliable source alleging that a judicial official has engaged in misconduct or has a permanent disability that impairs his or her performance."

10. A true and correct copy of the Commission's 2025 Annual Report is attached hereto as Exhibit A.

11.    Individuals can request such an investigation by submitting a "Request for Investigation" form to the Commission, which the Commission makes available on its internet website.

12.    A true and correct copy of the blank "Request for Investigation" form made available by the Commission is attached hereto as Exhibit B.

13.    In 2025, IRG filed a Request for Investigation form with the Commission regarding what it believed to be serious misconduct by a sitting judge.

14.    I signed that Request for Investigation in my capacity as IRG's General Counsel and Director of the Center for Investigative Oversight.

15.    The Request was cosigned by Daniel Suhr, IRG's Adjunct Legal Fellow.

16.    The contents of that Request for Investigation are subject to the confidentiality provisions under Wisconsin state law (Wis. Stat. § 757.93) and regulations (Wis. Admin. Code JC § 3.01).

17.    The Request for Investigation alleged misconduct by a sitting judge in a judicial election.

18.    The misconduct allegations did not relate to any single pending case or to conduct on the bench. Rather, the allegations related solely to statements made in advertisements, press releases, and other campaign communications.

19.    The Request was firmly grounded in existing Wisconsin Supreme Court precedent regarding campaign speech in judicial elections, specifically *Wisconsin Judicial Commission v. Gableman*, 2010 WI 61 (joint opinion of C.J. Abrahamson, Js.

Bradley and Crooks) and 2010 WI 62 (joint opinion of Js. Prosser, Roggensack, and Ziegler).

20. Normally, when IRG takes a major, headline-worthy action such as filing a Request for Investigation with the Commission into alleged judicial campaign misconduct, IRG would actively promote and advocate around its filing to the public at large.

21. In a typical circumstance—such as filing a lawsuit or testifying on a bill—IRG would build out a full package of public engagement, including talk-radio interviews, social-media posts, a press release to journalists, and email blasts to supporters and activists.

22. IRG staff, including myself and Mr. Suhr, are regular guests on talk-radio shows across Wisconsin, including WTMJ, WSAU, and WISN, to discuss matters related to the courts.

23. IRG had planned to undertake all of those activities in connection with its filing of the Request for Investigation.

24. IRG believes that the people of Wisconsin should know that a sitting judge and recent judicial candidate—in IRG's view—engaged in serious campaign misconduct.

25. In IRG's experience, such a filing would have prompted significant attention from the news media, given IRG's credibility as a source of commentary and oversight on judicial issues through  its Center for Investigative Oversight and its Court Watch initiative.

26.     However, IRG refrained from undertaking its normal advocacy and publicity around its filing after IRG staff (including myself as General Counsel) realized in the course of preparing the Request for Investigation that doing so would violate state law.

27.     To date, IRG has not released the details of the Request for Investigation that was filed.

28.     IRG's staff, including myself, decided not to proceed with its normal "roll out" of the Request for Investigation filing because of the Defendants' threat, embodied in Wis. Admin. Code JC § 3.01, that we or our staff could be subject to admonishment or other undisclosed "appropriate action."

29.     Separately, as a licensed Wisconsin attorney who signed the Request for Investigation, I had and continue to have a reasonable fear that the Commission would refer me to the Office of Lawyer Regulation (OLR) for noncompliance with the confidentiality law, which could result in suspension or other penalties against my bar license.

30.     The potential for enforcement of JC § 3.01 is real.

31.     I am aware of a recent incident in which a former judge publicly disclosed his Request for Investigation.

32.     In response, justices of the Wisconsin Supreme Court who were subject to that request wrote a letter to the Executive Director of the Wisconsin Judicial Commission calling the requester's disclosure a "publicity stunt," "antics," and "a partisan attempt to undermine the court's authority . . . ."

33. A copy of that letter is attached hereto as Exhibit C.

34. In that letter, the justices charged that the requester's "announcements were in direct violation of Wis. Stat. § 757.93(1)(a), which protects our confidentiality in these matters."

35. Knowing this, I have a justifiable fear that the Commission, the Office of Lawyer Regulation, and ultimately the Wisconsin Supreme Court would uphold enforcement action against me or IRG for any disclosure.

36. Had IRG not filed a Request for Investigation, it would not be subject to the confidentiality provisions that restrict it from releasing the details of its Request for Investigation.

37. The confidentiality provisions thus force Wisconsinites, including IRG, to decide whether they wish to publicly discuss alleged misconduct or whether to seek a remedy for that alleged misconduct from the Commission.

38. By letter dated June 13, 2025, counsel for IRG requested that the Commission acknowledge that, under the First Amendment, individuals who submit a "Request for Investigation" with the Commission may publicly disclose the contents of such a request and discuss it publicly.

39. A true and correct copy of that letter is attached hereto as Exhibit D.

40. In response, by letter dated July 10, 2025, the Executive Director of the Wisconsin Judicial Commission responded, stating that the "Commission is under no obligation to provide any sort of advisory opinion or stated commitment to a

complainant or any other party based upon a proposed hypothetical future scenario" and that the Commission "is denying" the June 13, 2025 request for clarification.

41. By letter dated July 18, 2025, the Wisconsin Judicial Commission informed IRG that the Commission had determined that IRG's Request for Investigation does not "warrant further action or consideration by the Commission" and therefore "this matter has been closed and Commission proceedings relating to it remain strictly confidential pursuant to state law."

42. IRG wishes to ask individual members of the Wisconsin Judicial Commission on what reasoning they determined that no further action was warranted, because the July 18, 2025 letter provided no legal or policy reasons justifying their determination, despite the lengthy legal analysis that accompanied the original Request.

43. We have not done so because the Commission's rules prohibit IRG from having those conversations—an action by a public body has been taken, an official determination has been reached, and yet the entirety of how that determination was reached is permanently shrouded in mystery, and IRG would violate the law by trying to have those conversations.

44. IRG also wishes to publicly criticize the Wisconsin Judicial Commission's determination that its Request for Investigation will not proceed to investigation and a formal complaint.

45. Once again though, because of the confidentiality rule, not only is IRG barred from publicly discussing the details of its Request for Investigation of

misconduct by the judicial official, but IRG is also barred from publicly criticizing the Commission for refusing to act on its investigation with any sufficient level of detail.

46.     The inability to criticize the Commission's determination is especially aggravating because there is no appeal mechanism for a requester like IRG.

47.     The Request for Investigation was based on existing state-law precedent and was signed by two respected, experienced attorneys (myself and Mr. Suhr) with backgrounds in government ethics and judicial elections. The Request did not concern any particular pending case or controversy before a state court.

48.     These violations will continue until this Court grants relief enjoining enforcement of the confidentiality provisions against IRG and similarly situated persons.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 3, 2026

/s Jacob J. Curtis<br>
Jacob J. Curtis