

**WILL**

WISCONSIN INSTITUTE FOR LAW & LIBERTY, INC.
330 E. Kilbourn Avenue, Suite 725, Milwaukee, WI 53202-3141
414-727-WILL (9455)
Fax 414-727-6385
www.will-law.org

**EXHIBIT D**

June 13, 2025

***VIA ELECTRONIC MAIL ONLY TO: judcmm@wicourts.gov***

Wisconsin Judicial Commission
110 East Main Street, Suite 700
Madison, WI 53703

**RE:** ***Confidentiality of Requests for Investigation***

To the Judicial Commission:

I am writing today on behalf of a client who recently submitted a Request for Investigation to the Judicial Commission. Consistent with their First Amendment rights, our client would like to publicly discuss the contents of the Request for Investigation that was submitted.

State law and the Commission's administrative code seem to be in conflict with the First Amendment on this, and so we are writing to seek clarity as to the Commission's position on such a disclosure.

Under Wis. Stat. § 757.93 "all proceedings . . . prior to the filing of a petition or formal complaint by the commission are confidential" unless waived by the judicial officer. However, the statute clearly anticipates that requests for investigation may be known in public, and Wis. Stat. § 757.93(2) provides:

> If prior to the filing of a formal complaint or a petition an investigation of possible misconduct or permanent disability becomes known to the public, the commission may issue statements in order to confirm the pendency of the investigation, to clarify the procedural aspects of the disciplinary proceedings, to explain the right of the judge or circuit or supplemental court commissioner to a fair hearing without prejudgment, to state that the judge or circuit or supplemental court commissioner denies the allegations, to state that an investigation has been completed and no probable cause was found or to correct public misinformation.

The Commission's administrative code (Wis. Admin. Code. JC § 3.01) also states that "proceedings of the judicial commission prior to the filing of a formal complaint . . . are confidential" unless waived. But goes further and provides more substantive penalties than the statutory "correct the record" remedy. Specifically, the code provides that if the person who makes an allegation "breaches the confidentiality of the investigation, the commission may dismiss the allegation, admonish the person or take other appropriate action." Wis. Admin. Code. JC § 3.01.

It is unclear if the Commission intends for the confidentiality provisions to apply to communications about the filing of the Request for Investigation (including the substance of the Request), or just to subsequent investigatory actions of the Commission that occur after the Request has been filed. The legality of the threatened punishments under that code provision, as applied to a Requester who seeks to simply discuss the contents of the Request filed with the Commission, are problematic for several reasons.

First, the statute clearly contemplates that the contents of a Request for Investigation may be released publicly and limits the Judicial Commission's authority to simply correcting the record. *See* Wis. Stat. § 757.93(2). Insofar as the code provision appears to grant the Commission additional powers to "dismiss the allegation, admonish the person or take other appropriate action" – the code provision is *ultra vires*. To the extent that the rule authorizes the Commission to effectively do whatever it wants as "appropriate action" it is also unconstitutionally vague, and unlawful for that reason.

Second, to the extent that the statute and/or code provision does prohibit someone who files a request from discussing the contents of a Request for Investigation – they would violate the First Amendment.

As the U.S. Supreme Court held in *Landmark Communications, Inc. v. Virginia*, 435 U.S. 829, 839 (1978), "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern." And further, "the law gives '[j]udges as persons, or courts as institutions . . . no greater immunity from criticism than other persons or institutions.'" *Id.* quoting *Bridges v. California*, 314 U.S. 252, 289 (1941) (Frankfurter, J., dissenting).

In *Landmark*, the U.S. Supreme Court made clear that states may not subject individuals to sanctions for divulging information "regarding proceedings before a state judicial review commission which is authorized to hear complaints as to judges' disability or misconduct, when such proceedings are declared confidential by the State Constitution and statutes." *Landmark*, 435 U.S. at 831.

The Judicial Commission is authorized to hear complaints as to Judges' disability or misconduct. Its proceedings are declared confidential by state law, as explained herein. The First Amendment prohibits Wisconsin from taking actions against an

2

individual simply because that individual discloses information regarding a Request for Investigation filed with the commission.

**Given this, we would ask the Commission to clarify in writing that the contents of a Request for an Investigation may be discussed publicly without the requesters fearing action from the Commission under Wis. Admin. Code JC § 3.01. We request that clarification within 5 business days.**

Sincerely,

WISCONSIN INSTITUTE FOR LAW & LIBERTY, INC.

Lucas T. Vebber
Deputy Counsel