IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

INSTITUTE FOR REFORMING
GOVERNMENT, INC.,

Plaintiff,

v. Case No. 2025-CV-1384

MARY BETH KEPPEL, DONALD A.
DAUGHERTY, JR., ANALIESE EICHER,
ROBERTA GASSMAN, JOHN T. HENDRICKS,
THOMAS HRUZ, RHONDA LANFORD,
BARBARA NOTESTEIN in their official capacities
as members of the Wisconsin Judicial Commission,

Defendants.

---

**DECLARATION OF JEREMIAH C. VAN HECKE**

---

For purposes of the response to the Motion for Summary Judgment filed by Plaintiff, the Institute for Reforming Government ("IRG"), and on behalf of Defendants Mary Beth Keppel, Donald A. Daugherty, Jr., Analiese Eicher, Roberta Gassman, John T. Hendricks, Thomas Hruz, Rhonda Lanford, and Barbara Notestein, in their official capacities as members of the Wisconsin Judicial Commission ("Commission"), Jeremiah C. Van Hecke, acting in his official capacity, declares under penalty of perjury that the following facts are true and correct:

1. I am an attorney who has been licensed to practice law in the State of Wisconsin since 2007 and have been a licensed attorney since 1999.

2. I have been employed by the Commission as its Executive Director since 2013. The Commission's Executive Director provides staff and attorney services to the Commission.

3. The Commission reviews and investigates allegations of judicial misconduct or disability of judicial officials within the judicial branch in Wisconsin state courts.[1]

4. In connection with my service, I review "initial inquiries" submitted by complainants and others to determine whether the claims made are within the jurisdiction of the Commission and are not patently frivolous or unfounded. *See, e.g.,* Wis. Admin. Code JC §§ 4.01, 4.02, *et. seq.*[2]

5. With regard to claims within the Commission's jurisdiction that are not patently frivolous or unfounded, the Commission opens a request for investigation (RFI) file, and Commission members determine whether to authorize an investigation of the judicial official's alleged conduct. *See* Wis. Admin. Code JC § 4.02.

6. If an investigation is authorized, the Commission refers the matter to me for investigation.

---

[1] This declaration and this lawsuit relate to allegations of judicial misconduct and does not address claims of judicial disability, which has several different procedures and additional considerations.

[2] Initial inquiries include complaints and initial substantive contacts with the Commission. Note that a screening committee of Commission members can also perform this duty, if needed. In Wisconsin, complainants are not required to submit their complaints to the Commission under oath or affirmation. Thus, they are not subject to a claim of perjury under Wis. Stat. § 946.31.

7. In the course of investigations authorized by the Commission, Commission staff frequently interviews litigants with cases before the judicial official who is the subject of the investigation, attorneys who frequently appear before that judicial official, court staff members who work with that judicial official and whose positions are often under the judicial official's direction and control, judicial colleagues, and other stakeholders in the local justice system where the judicial official serves.

8. Many of those interviewed, most of whom must have regular, continued interactions with the judicial official as a result of their employment or circumstances, express fear or concern to me and/or Commission staff that their cooperation might result in retaliation or negative professional repercussions and elect to have their identities remain confidential, pursuant to Wis. Stat. § 757.93(b), unless and until their identity must be disclosed after the filing of a formal complaint against the judicial official.

9. At the conclusion of its investigation, the Commission may dismiss the allegation, find that probable cause exists, or take other action as warranted, pursuant to Wis. Admin. Code JC §§ 4.05–.08.

10. If a probable cause finding is made, the Commission files a formal public complaint in the Supreme Court, and the case is heard by either a judicial conduct panel or a jury. *See* Wis. Stat. §§ 757.85(5), 757.87.

11. Prior to the filing of a petition or formal complaint by the Commission, all of its proceedings are confidential pursuant to state law, unless the judicial official waives the right to confidentiality in writing to the Commission or one of the other limited exceptions applies. *See* Wis. Stat. § 757.93; Wis. Admin. Code JC § 3.01.

12. Based upon my experiences and observations over the course of my thirteen years as the Commission's Executive Director, the confidentiality provisions under which the Commission operates are essential for the reasons stated below.

13. Confidentiality is essential for the protection of an innocent judge's reputation from adverse publicity, given the large number of frivolous or unfounded initial inquiries and complaints received by the Commission that do not justify a probable cause finding.

a. In the three years between January 1, 2023, and December 31, 2025, the Commission received 2,125 initial inquiries, conducted preliminary evaluations of 112 RFIs, authorized 28 investigations, and found probable cause in two matters. *See* Wisconsin Judicial Commission 2025 Annual Report, Appendix A, Table A-1, Table A-2, 12.

b. In recent years, the Commission has noted a marked increase in the number of complaints filed against judicial officials during their run for judicial office that are frivolous, unfounded, or do not justify a probable cause finding.[3]

[3] In Wisconsin, most judicial officials subject to the Commission's jurisdiction must stand for open election, including municipal court judges, circuit court judges, Court of Appeals judges, and Supreme Court justices.

c. Several of those complaints (filed during a judicial election that are frivolous, unfounded, or do not justify a probable cause finding) have been publicly disclosed by complainants to serve their own interests, serve the interests of their preferred judicial candidate in the midst of a judicial election, or impede the interests of the judicial candidate that they oppose, despite the existence of the aforementioned confidentiality provisions.

d. Examples of such disclosures include announcements of the filing or the Commission's consideration of such complaints in press releases, announcements in social media posts, unsolicited media contacts, and attempts by a complainant to fundraise for themselves, based upon the publicly announced filing of a judicial ethics complaint.[4]

14. Confidentiality is essential to maintain public confidence in the judicial system by preventing the premature disclosure of a complaint, before the Commission has had an opportunity to determine that a charge is well-founded.

a. If possible, the Commission avoids premature disclosure of the complaint or the identities of any potential witnesses to the judicial official who is the subject of the complaint to avoid the possibility of either (i) actual retaliation by the judicial official; or (ii) the perception that the judicial official has retaliated against a complainant or a witness based upon a ruling made against them during pending

[4] Of course, while an individual who files a judicial ethics complaint is not prohibited from publicly disclosing that he or she believes that the subject of their complaint has violated the Code of Judicial Conduct, that individual is prohibited from disclosing the filing of the complaint with the Judicial Commission or Commission proceedings relating to it, pursuant to the aforementioned statute.

legal proceedings.[5]

15. Confidentiality of Commission proceedings is essential to protect complainants and witnesses from possible recrimination, by prohibiting disclosure of any claims made and any cooperation provided to the Commission during its review of such claims.

a. Should the confidentiality of Commission proceedings not be maintained, potential witnesses, who may be more willing to speak to or cooperate with the Commission because of the confidentiality of their identity, would be less likely to cooperate with the Commission.

b. Based upon my experience in service to the Commission, numerous complainants and witnesses have expressed significant reservations and concerns to the Commission and Commission staff about possible retaliation from judicial officials and other interested parties for providing information or materials to the Commission. This concern often remains, even after the Commission concludes its review of the allegations of judicial misconduct, and even if the Commission has elected to dismiss the matter without the filing of a public complaint.

c. Information, including witness accounts, that either corroborates the claims of judicial misconduct made by cooperating complainants and witnesses, or rebuts such claims, is essential to the Commission members' ability to make fair, informed, and just decisions for the benefit of the judiciary and the public.

---

[5] If a judicial official is not notified that a complaint has been filed, he or she cannot retaliate against the complainant for filing such a complaint, given his or her lack of knowledge of the complaint's existence.

16. Confidentiality of Commission proceedings is essential to providing the Commission with flexibility to accomplish its mission to ensure that an ethical judiciary exists, in the event a judicial official subject to a complaint elects to voluntarily resign their position as a judicial official.

a. The Commission has never filed an initial public complaint against a judicial official for misconduct in judicial office after they resigned their position as a judicial official.

b. Based upon my experience, judges facing possible prosecution for judicial misconduct are more likely to voluntarily resign from judicial office, if the Commission's review of their conduct remains confidential.[6]

c. On several occasions in the past, judicial officials have decided to resign from judicial office prior to the Commission's filing of a public complaint, and based on the circumstances, I can reasonably infer that a motivating factor in that decision was the confidentiality of Commission proceedings.

17. Confidentiality of Commission proceedings is essential to protect the volunteer members of the Commission from outside pressures and influences as they make fair, independent, informed, and reasoned decisions concerning matters involving judicial officials and judicial ethics.

[6] Such resignation amounts to a "de facto" removal from judicial office. Notably, removal from judicial office is the most serious sanction that can be imposed by the Supreme Court in judicial ethics proceedings in Wisconsin. *See* Wis. Const., art. VII, § 11.

a. The Commission consists of nine volunteers, including two judges, two attorneys, and five "citizen" members (who are not members of the Wisconsin Bar).

b. Commission members heavily rely on the confidentiality of Commission proceedings to engage in robust, candid, and diligent discussions during their decision-making processes.

18. I reviewed the social media activity of Jacob J. Curtis, the plaintiff's general counsel, who signed and submitted the judicial ethics complaint in this matter on behalf of the plaintiff, IRG.

a. In reviewing the claims made, I reviewed Curtis' profile on the social media platform "X" (formerly known as Twitter), which has the username "@JacobJCurtis" and has approximately 2,100 followers.

b. On X, Curtis posted information accusing the same judicial official of violating the Code of Judicial Conduct for the same conduct as detailed in the IRG complaint to the Commission.

19. Attached as **Exhibit A** to this declaration is a true and correct copy of the Wisconsin Code of Judicial Ethics, the Rules Creating Judicial Commission, and the Rules of Procedure–Judicial Commission, in effect as of 1974. I have reviewed orders amending the Code of Judicial Ethics between 1974 and 1978 and am not aware of any amendments to the provisions relevant here, Item (A)21 of the Rules for the Implementation of the Code of Judicial Ethics and Rules 2.2. and 3.4. of the Judicial Commission Rules of Procedure.

Dated this 30th day of September, 2026.

Respectfully submitted,

JEREMIAH C. VAN HECKE

Executive Director
Wisconsin Judicial Commission