LEGIS REFERENCE BUREAU
3050740

SupC
c

RETURN TO
LEGISLATIVE
REFERENCE BUREAU
MADISON, WIS. 53702

# WISCONSIN

# SUPREME COURT

OCLC



RECEIVED
APR 3 1974
LEGISLATIVE REFERENCE
BUREAU

## CODE OF JUDICIAL ETHICS

## RULES CREATING JUDICIAL COMMISSION

## RULES OF PROCEDURE—JUDICIAL COMMISSION

## INDEX

CODE OF JUDICIAL ETHICS . . . . . . . . . . . . . . . 1- 7

RULES CREATING JUDICIAL COMMISSION . . . 8-12

RULES OF PROCEDURE–
JUDICIAL COMMISSION . . . . . . . . . . . .13-21

OCLC 37714870

# CODE OF JUDICIAL ETHICS.

## Standards and Rules.

### *Preamble.*

The administration of justice requires adherence by the judiciary to the highest ideals of personal and official conduct. The office of judge casts upon the incumbent duties in respect to his conduct which concern his relation to the state, its inhabitants, and all who come in contact with him.

### *Standards.*

The following standards set forth the significant qualities of the ideal judge:

1. A judge should be mindful that ours is a government of law and not of men and he should not permit his personal concept of justice to override the law. He should administer his office with due regard to the integrity of the system of law itself, remembering that he is not a repository of arbitrary power but a judge under the sanction of law.
2. A judge should support the United States and Wisconsin constitutions and fearlessly observe and apply their fundamental limitations and guarantees.
3. A judge should be temperate, attentive, patient, industrious, and, above all, impartial. He should administer the law free of partiality and the appearance of partiality. To that end he should avoid membership in, or association with, an organization whose objectives, policies, or activities are incompatible with the fair and evenhanded administration of justice.



Case 2:25-cv-01384-LA Filed 10/01/26 Page 2 of 12 Document 37-1
Van Hecke Decl. Ex. A:2

4. A judge should be prompt in the performance of his duties, recognizing that the time of litigants, jurors, witnesses, and attorneys is of value. He should organize his court and supervise the personnel under his charge so that the business of the court is dispatched with promptness and convenience.
5. A judge should cooperate with other judges as members of a common judicial system to promote the satisfactory administration of justice. He should respect all expressions of judicial opinion.
6. A judge should be considerate and courteous to litigants, jurors, witnesses, attorneys, and all in attendance upon the court. He should require similar conduct on the part of clerks, court officials, and counsel. He should conduct all judicial proceedings so as to reflect the importance and seriousness of the inquiry to ascertain the truth.
7. A judge should utilize his opportunities to criticize and correct unprofessional conduct of attorneys and counsellors, brought to his attention; and, if adverse comment is not a sufficient corrective, should send the matter at once to the proper investigating disciplinary authorities.
8. A judge should, without being arbitrary or forcing matters to trial unjustly, endeavor to hold counsel to a proper appreciation of their duties to assist in combating delay and in promoting prompt justice.
9. A judge should conduct the work of his court with dignity and decorum and without interference which might detract from the proper courtroom atmosphere. He should so conduct himself during trials and hearings that his attitude, manner, or tone toward counsel or witnesses will not prevent the proper presentation of the cause or the ascertainment of the truth. He may properly intervene whenever he considers it necessary to clarify a point or expedite the proceedings. He should not make an unnecessary display of learning, express a premature judgment, or add to the embarrassment or timidity of witnesses or counsel.
10. A judge should always bear in mind the need of scrupulous adherence to the rules of fair play. He should not permit private interviews, arguments, briefs or communications designed to influence his decision. He should not act upon *ex parte* applications unless the necessity for prompt action is clearly shown, granting relief only when fully satisfied that the law permits it and the emergency requires it.



11. A judge should grant to all parties the opportunity to present, by a full and fair record, or transcript, questions exactly as they are presented and determined. In disposing of contested cases he should indicate the reasons for his action.
12. A judge should not seek to be extreme, peculiar, spectacular or sensational in his judgment or in his conduct of the court. He should not compel persons brought before him to submit to discipline of his own devising without authority of law. In imposing sentence he should not seek popularity or publicity by exceptional severity or undue leniency.
13. A judge should be fair, reasonable and just to all parties in fixing, granting, or approving compensation for services or charges under his control. He cannot rid himself of this responsibility by the consent of counsel.
14. A judge should contribute to the public interest by advising, suggesting, and supporting rules and legislation which, from his judicial observation and experience, will improve the administration of justice.
15. A judge should not restrict access to court records or proceedings except as authorized by law. He should not seek publicity on pending cases. He should exercise control of lawyers appearing before him in respect to public statements which he considers may prejudice or impede a fair trial in a pending case.
16. Justices of the appellate court, in deciding cases, should so indicate their views as to clarify the law and guide further proceedings involving similar questions. They should seek solidarity of conclusion and should not yield to pride of opinion. They



Case 2:25-cv-01384-LA Filed 10/01/26 Page 3 of 12 Document 37-1 Van Hecke Decl. Ex. A:3

should file separate opinions only in cases of conscientious differences on fundamental principles.

*Rules.*

The court promulgates the following rules because the requirements of judicial conduct embodied therein are of sufficient gravity to warrant sanctions if they are not obeyed:

1. A judge shall not exercise his duties with respect to any matter in which a near relative by blood or marriage is a party, has an interest, or appears as a counsel. He shall not participate in any matter in which he has a significant financial interest or in which he previously acted as counsel.

   *Comment:* This rule covers those major conflicts of interest which should automatically disqualify a judge. There will be many lesser situations in which the judge's own sense of propriety may indicate that he disqualify himself. There may also be even lesser situations in which the judge will determine that full disclosure to counsel is adequate.

2. A judge shall not hold any office of public trust except a judicial office during the term for which he is elected, or appointed.
3. A judge shall not become a candidate for a federal, state, or local nonjudicial elective office without first resigning his judgeship.

   *Comment:* This rule was considered necessary because of the possibility that a candidacy for an office to take effect after the expiration of the judicial term would not be barred by Rule 2. It was felt that the appeal to the electorate by a sitting judge for a nonjudicial office was inherently in conflict with his duty to impartially serve all of the people.

4. A judge shall not engage in the practice of law.
5. A judge shall not accept any duties or continue to administer or hold any fiduciary position or position of trust, or incur any obligations which are, or will be, inconsistent with the expeditious, impartial, and proper administration of the duties of his office or which will involve association with enterprises or persons which are likely to come before him in his official capacity.



6. A judge shall not make or retain any personal investments in enterprises which are likely to be involved in litigation or proceedings in the court.
7. A judge shall not hold any office or directorship in any public utility, bank, savings and loan association, loaning institution, insurance company, or any other corporation or business enterprise or venture which is affected with a public interest. He shall not hold an office or directorship in any corporation, business enterprise, or venture, if the holding thereof interferes with the performance of his official duties or permits the exploitation of the prestige of his office or conflicts with the impartial exercise of his official duties.
8. A judge shall not accept gifts from lawyers, groups, or persons whose interests are, are likely to be, or have been before him in his official capacity.

   *Comment:* This section does not prohibit reasonable financial contributions to a voluntary campaign committee in behalf of a judicial candidate. The non-partisan elective process as now constituted is an expensive one and until other means of conducting and financing judicial elections are devised, this rule should be so construed.

9. A judge shall not, directly or indirectly, lend the influence of his name or the prestige of his office to aid or advance the welfare of any private business or permit others to do so. He shall not personally solicit funds for any purpose, charitable or otherwise.
10. A judge shall not exercise the power of appointment vested in him by law for his personal, financial, or partisan advantage.
11. A judge shall not indulge in gross personal misconduct.
12. A judge shall not be a member of any political party or participate in its affairs, caucuses, pro-

motions, platforms, endorsements, conventions, or activities. He shall not make or solicit financial or other contributions in support of its causes, or publicly endorse or speak on behalf of its candidates or platforms.

*Comment:* As an individual, a judge is entitled to his personal view on political questions, and to his rights and opinions as a citizen. However, as a member of Wisconsin's non-partisan judiciary, a judge must avoid any conduct which associates him with any political party. This rule does not preclude a judge from attending a political meeting as a member of the public, but he shall not attend as a participant.

13. A judge who is a candidate for judicial office shall not make, or permit others to make in his behalf, promises or suggestions of conduct in office which appeal to the cupidity or partisanship of the electing or appointing power. He shall not do, or permit others to do in his behalf, anything which would commit him, or appear to commit him in advance, with respect to any particular case or controversy, or which suggests that, if elected or chosen, he would administer his office with partiality, bias, or favor.
14. A judge shall not, when it will interfere with the judicial process or fair trial, permit any radio or TV reproductions or taking of pictures in the courtroom during recess or before or after proceedings, or in adjoining corridors or offices; nor shall he permit any radio or TV reproductions or taking of pictures in the courtroom at any time during judicial proceedings.

*Comment:* The rule applies to all judicial proceedings but shall not be applicable to investiture, ceremonial, or naturalization proceedings.

15. A judge shall not, while a judicial proceeding is pending, make any comment upon its merits, or make any comment which might affect its outcome or preclude a fair trial.



16. An aggravated and persistent failure to comply with the Standards of this code shall be deemed a rule violation.

*Addendum.*

These rules, except Rule 7, are effective January 1, 1968. Rule 7 is effective January 1, 1970. Rules 4, 5, 6, 7, and 9 do not apply to occupants of part-time judicial offices such as reserve judges and municipal justices.

The following memorandum was filed February 2, 1968.

PER CURIAM. This court has considered the requests of the Milwaukee County Board of Judges dated December 28, 1967, that Rule 14 of the Code of Judicial Ethics be suspended and that this court schedule a hearing on Rule 14 at which the news media and other interested parties could appear. The court (by a divided vote) denies the request to suspend Rule 14 of the Code of Judicial Ethics but (by a unanimous vote) grants a hearing on the question of whether Rule 14 should be reconsidered and modified; such hearing shall be open to all interested persons and shall be held on May 10, 1968, at 1:30 p. m. in the courtroom of the supreme court.

The court has also considered the resolution of the Wisconsin Judicial Conference dated January 11, 1968, requesting this court to delay the effective date of the Code of Judicial Ethics until full implementation of the Code is effected, and has decided (by a divided vote) not to change the effective date of the Code of Judicial Ethics.

# State of Wisconsin—In Supreme Court.

IN THE MATTER OF THE PROMULGATION OF THE CODE OF JUDICIAL ETHICS

*Effective January 1, 1972.*

PER CURIAM. After public hearing and due deliberation, the Wisconsin Supreme Court, under its inherent power,[1] takes the following actions in connection with the Code of Judicial Ethics previously adopted by this court on November 14, 1967:

(A) The supreme court hereby adopts the following rules for the implementation of the Code of Judicial Ethics, which rules shall be effective January 1, 1972:

1. A Judicial Commission is created as an agency of the judicial branch of our state government.

2. The commission shall be composed of nine members appointed as follows: Two circuit judges appointed by the Board of Circuit Judges; two county judges appointed by the Board of County Judges; two lawyers, who shall have been licensed to practice law in this state for a period of not less than five years immediately preceding their appointment, appointed by the Board of Governors of the State Bar of Wisconsin; and three nonlawyers appointed by the governor. Any appointment not made within forty-five days after the effective date of these rules shall be made by the Wisconsin Supreme Court. Vacancies shall be filled by the same appointing authority as makes the original appointments. Any appointment to fill a vacancy not made within forty-five days of such vacancy shall be made by the supreme court. Notification of appointments and vacancies shall be recorded with the clerk of the supreme court.

3. The terms of the initial members of the commission shall be for periods as follows:

| | |
|---|---|
| one circuit judge | — three years |
| one circuit judge | — two years |
| one county judge | — three years |
| one county judge | — two years |
| one lawyer | — two years |
| one lawyer | — one year |
| one public member | — three years |
| one public member | — one year |
| one public member | — one year |

Each successor term shall be for a period of three years.

4. The commission shall employ such personnel as shall be approved by the supreme court.

5. No action, proceeding, or recommendation of the commission shall be valid unless concurred in by five members. A quorum to transact business of the commission shall be six. The commission shall elect one of its members to act as chairman and such other officers as the commission may deem necessary.

6. The members of the commission shall be reimbursed for all reasonable expenses incurred by them while performing duties relating to their appointment.

7. A judge, who is a member of the commission, or a justice of the supreme court shall not participate in any proceeding involving his own discipline, removal, or retirement.

8. The commission shall have power to receive complaints of misconduct or disabilities of judges, make investigations thereof, hold hearings thereon, subpoena witnesses and take action relating thereto. Such action shall be on written findings of fact and written decision. In the case of no merit, the decision shall so state. The commission shall have the power to reprimand or censure a judge but shall make recommendations to the supreme court with respect to suspension, removal, or retirement of judges. All action respecting reprimands and censures made by the commission may be reviewed by the supreme court on its motion or upon petition of the interested judge.

[1] *See especially: Integration of the Bar Cases* (1946), 249 Wis. 523, 25 N. W. 2d 500 and (1956), 273 Wis. 281, 77 N. W. 2d 602; and *Code of Judicial Ethics* (1967), 36 Wis. 2d 252, 153 N. W. 2d 873, 155 N. W. 2d 565.

9. A judge may be removed or suspended * from office for:

(a) Willful violation of a rule of the Code of Judicial Ethics;

(b) willful and persistent failure to perform his official duties;

(c) habitual intemperance due to intoxicating beverages or use of dangerous drugs, so as to interfere with the proper performance of his judicial duties;

(d) conviction of a felony involving moral turpitude.

10. A judge may be retired from office ** for a physical or mental infirmity which is presently disabling and will probably be continuous, progressive, or permanent, and does and will prevent or materially impair his ability to perform the duties of his office.

11. A judge may be reprimanded or censured for any of the reasons sufficient for his removal or suspension if the complaint or evidence does not justify the sanction of removal or suspension. A judge may also be reprimanded or censured because of his willful misconduct in office, or such misconduct as would bring his office in disrepute or cause loss of public confidence therein or prejudice the administration of justice.

12. The provisions for reprimand, censure, suspension, removal, or retirement of a judge shall apply to all justices of the supreme court, all judges of courts of record, and all municipal judges.

13. Any order or judgment of discipline, removal, or retirement of a judge for any cause shall be without prejudice to any retirement rights or benefits under the retirement acts of the state or of any other governmental body or agency.

14. The supreme court shall prepare or have prepared and shall adopt the rules of procedure for the commission and after the adoption thereof, any change by the commission shall be subject to the approval of the supreme court. Procedure in the supreme court on review shall be similar to present supreme court practice in other cases.

* These sanctions require constitutional amendment.

** Retirement for disability assumes enabling legislation therefor.



15. The commission shall have power to interpret the rules of the Code of Judicial Ethics subject to review by the supreme court.

16. The commission shall not function as an appellate court to review the decisions of a court or judge or to exercise superintending or administrative control of the courts or judges except as a review of a decision is incident to a complaint of judicial misconduct. An erroneous decision by a judge made in good faith and with due diligence shall not constitute judicial misconduct.

17. All complaints shall be submitted to the chairman of the commission or such other person as he shall designate.

18. The commission shall make an informal preliminary investigation of all complaints received which reasonably indicate the existence of cause or causes which justify its inquiry. Such informal investigation shall not be made public.

19. The judge shall be notified of the nature of the complaint investigated and shall be given a full opportunity to respond. If the preliminary investigation reveals no sufficient cause for a formal complaint and hearing thereon, the commission shall in writing so state and the interested parties shall be notified that the commission will take no further action.

20. If the preliminary investigation reveals probable cause for proceeding further, a verified complaint shall be made by an interested party or the commission as a basis for a formal proceeding. Such complaint shall be served upon the judge and he shall be ordered by the commission to answer, demur, or otherwise plead, within twenty days of service. A public hearing shall be given to the judge. He shall have the right to appear personally and by counsel to answer the complaint, to present evidence in his defense, to secure subpoenas, to the appointment of a guardian *ad litem* when indicated, to amend his pleadings, to receive a transcript of the evidence, findings, and conclusions and recommendations. The commission shall take action, if any it chooses to take, within ninety days after completion of the hearing. After such action is taken the judge shall have the right to object thereto and to petition the supreme court to review the commission's action or recommendations. He

shall have the right to appear personally and by counsel in the supreme court on review of the commission's actions and its recommendations.

21. All papers, files, transcripts and communications in the proceedings before the commission before the filing of a formal complaint shall be confidential and all testimony therein shall be privileged. After the service of a formal complaint upon the defendant judge, and the filing thereof by the commission, the proceedings thereon shall be public.

(B) The court will not apply Rule 7 of the Code of Judicial Ethics to judges who held such positions before assuming their judicial office provided their assumption of judicial office was before January 1, 1968, the general effective date of the Code of Judicial Ethics.





# State of Wisconsin--In Supreme Court

In the Matter of the Promulgation of the
CODE OF JUDICIAL ETHICS

PER CURIAM. Pursuant to Paragraph 14 of our *per curiam* decision, 52 Wis. 2d vii, this Court has had the Judicial Commission prepare Rules of Procedure governing its activities in the receiving, investigating, determining and deciding complaints of judicial misconduct.

After due consideration and deliberation, and with some modification of the proposed rules, the Court hereby adopts the attached Rules of Procedure for the Commission, effective April 1, 1973.

## JUDICIAL COMMISSION RULES OF PROCEDURE

Rule 1. DEFINITIONS.

1. "Commission" shall mean the Judicial Commission.
2. "Judge" shall mean a Justice of the Supreme Court, a judge of a court of record, and a municipal judge.
3. "Chairman" is the chairman of the Commission and includes any acting chairman.
4. "Master" means one or more judges, active or retired, or attorneys appointed by the Supreme Court upon the request of the Commission; or one or more members of the Commission designated by the Commission to hold hearings and make findings of fact on issues of fact arising in a proceedings against a judge.
5. "Counsel" means one or more attorneys appointed by the Commission to gather and present evidence and act on its behalf in proceedings before a master or the Commission or in the Supreme Court.
6. "Complaint" means any written communication submitted to the Commission having to do with individual acts of judicial misconduct.



Case 2:25-cv-01384-LA Filed 10/01/26 Page 8 of 12 Document 37-1

7. "Complainant" means person or persons who have made a written communication to the Commission having to do with alleged acts of judicial misconduct.
8. "Formal charge" means a verified written document filed by order of the Commission for disciplinary action under the rules of the Supreme Court against a judge which alleges specific acts of misconduct in office which warrant Commission action under said rules.
9. "Respondent" means a judge against whom a complaint or formal charge has been filed.
10. "Shall" is mandatory, but not jurisdictional, and "may" is permissive.
11. "Mail" and "mailed" include ordinary mail or personal delivery.
12. The masculine gender includes the feminine gender.
13. "Party" means the person or persons signing either the complaint or the formal charge, or the respondent or the Commission.

Rule 2. GENERAL PROVISIONS.

1. The Commission will interpret the rules of the Code of Judicial Ethics only in connection with specific acts of judicial conduct, and will not issue advisory opinions or interpretations. All Commission decisions shall be in writing.
2. All papers, files, transcripts and communications in the proceedings before the Commission before the filing of a formal charge shall be confidential and all testimony therein shall be privileged.
3. If there is publicity concerning the fact that a judge is involved in proceedings before the Commission resulting in substantial unfairness to him, the Commission may, with the permission of the judge involved, issue an explanatory statement. If there is publicity concerning alleged conduct of a judge claimed to constitute serious violation of the rules of judicial conduct, and after a preliminary investigation it is determined there is no basis for further proceedings or recommendations of discipline, the Commission may issue an explanatory statement.



4. After the service of a formal charge upon the respondent, and the filing thereof with the Commission, the proceedings from then on shall be public.
5. No action, proceeding, or recommendation of the Commission shall be valid unless concurred in by five members; a quorum to transact business of the Commission shall be six. The Commission chairman shall be entitled to cast his vote as a commissioner on all matters before the Commission.
6. The Commission shall not function as an appellate court to review the decisions of a court or judge, or to exercise superintending or administrative control over determinations of courts or judges.
7. Any person, corporation, or organization may file a complaint with the Commission.
8. Complaints shall be submitted to the Commission office, State Capitol, Madison, Wisconsin.

Rule 3. PRELIMINARY PROCEEDINGS.

1. All written communications submitted to the Commission having to do with individual acts of judicial misconduct shall be considered by the Commission.
2. Upon the consideration of a complaint, the Commission shall first determine whether from the complaint itself there appears to be any probable cause for action of the Commission. If it determines there is no probable cause, the Commission shall advise in writing by letter the person filing the complaint of its finding and the reason therefor, and the file shall be closed.
3. If the Commission determines that on the basis of the complaint itself, there is probable cause for action of the Commission, it shall make an informal preliminary investigation in such manner as it deems appropriate, including a request to the complainant to verify his statement under oath, and shall notify the judge in question of the nature of the charge and give him an opportunity to respond. If the preliminary investigation reveals to the satisfaction of the Commission that there is



Case 2:25-cv-01384-LA Filed 10/01/26 Page 9 of 12 Document 37-1 Van Hecke Decl. Ex. A:9

no probable cause for formal charge or hearing thereon, the Commission shall so record in its minutes and the Commission shall order the complaint dismissed and a copy of the order, including the reasons therefor, shall be sent to the Judge and the other parties. If the preliminary investigation shows probable cause for a formal charge or hearing, the Commission shall order a formal complaint to be filed on such hearing.

4. Within thirty (30) days from the receipt of the notice of the action of the Commission under Sections 2 and 3 hereof, the complainant may apply to the court for a writ of certiorari. All papers, files, transcripts and communications in the proceedings under this section shall be confidential.

Rule 4. FORMAL PROCEEDINGS.

1. PLEADINGS. If the preliminary investigation reveals probable cause for proceeding further, unless previously submitted, a formal charge shall be filed by a person or shall be filed by the Commission as a basis for formal proceedings.
   (a) The charge shall be entitled "Before Wisconsin Judicial Commission, charge against ______________, Judge, No.__________," and shall be in a form similar to complaints filed in civil actions in the Circuit Court. Such charge shall be served upon the respondent and he shall be ordered by the Commission to answer within twenty (20) days from the date of service.
   (b) Such answer shall contain all defenses, including motions, demurrers, and all other defenses which might be separately pleaded in civil actions and shall be in the form similar to those used in such actions and shall be verified by the respondent and filed with the Commission along with nine copies thereof.
   (c) All defenses shall be presented and heard at one public hearing or adjournment thereof.
   (d) AMENDMENTS. The Commission at any time prior to its determination may allow or



require amendments to the charge or answer. The charge may be amended to conform to the proofs or to set forth additional facts, whether occurring before or after the commencement of the hearing. In case such amendment is made, the respondent may be given reasonable time both to answer the amendment and to prepare and present his defense against the matters charged thereby.

2. DISCOVERY. After service of the verified charge a respondent or the Commission, upon written request to the other prior to the hearing and within thirty (30) days after the service by the Commission of the charge, or within fifteen (15) days after such service of amendments to the charge is entitled to:
   (a) Obtain the names and addresses of witnesses to the extent known to the other party, including but not limited to those intended to be called to testify at the hearing.
   (b) To inspect and make a copy of any of the following in the possession or custody or under the control of the other party:
      (i) A statement of a person other than the respondent named in the complaint, or any amendment to the complaint when it is claimed that the act or omission of the respondent as to such person is the basis for the formal proceeding.
      (ii) A statement pertaining to the subject matter of the proceeding made by any party to another party or person.
      (iii) Statements of witnesses then proposed to be called by the parties and of other persons having personal knowledge of the acts, omissions or events, which are the basis for the proceedings not included in (i) or (ii) above.
      (iv) If the charge involves physical and mental capacity of the judge, all writings including, but not limited to, reports of mental, physical and blood examinations and things which the party then proposes to offer in evidence.

(v) Any other writing or thing which is relevant and which is admissible in evidence.

(vi) Investigative reports made by or on behalf of the Commission or other party pertaining to the subject matter of the proceeding, to the extent that such reports contained the names and addresses of witnesses or of persons having personal knowledge of the acts, omissions and events which are the basis for the proceeding, or reflect matters perceived by the investigator in the course of his investigation, or contain or include by attachment any statement or writing described in (i) to (v) inclusive, or summary thereof.

(c) Nothing in this procedure shall authorize the inspection or copying of any writing or thing which is privileged from disclosure by law or otherwise made confidential or protected as an attorney's work product.

3. HEARINGS.

(a) The respondent shall have the right to appear personally and by attorney and to answer the charge, present evidence in his defense, to secure subpoenas, to the appointment of a guardian ad litem, when indicated, and to receive a transcript of the evidence, findings and conclusions and recommendations.

(b) On the filing of an answer or upon the expiration of the time for filing, the Commission shall set a time and place of hearing before itself or before a master and shall give notice of such hearing to the respondent at least twenty (20) days prior to the date set. If the Commission directs that the hearing be held before a master it shall file an ex parte written petition requesting the Supreme Court to appoint a master for the purpose of such hearing and of determining the facts. The Supreme Court will promptly appoint a



master to conduct such hearing and to find the facts.

(c) The Commission shall appoint one or more attorneys to act as counsel at such hearing.

(d) At the time and place set for hearing, the Commission or the master shall proceed with the public hearing which as nearly as may shall conform to the rules of procedure and evidence governing the trial of civil actions in the Circuit Court, whether or not the respondent has filed an answer or appears at the hearing. The counsel shall present the evidence in support of the charge. The proceedings at the hearing shall be reported by a voice recorder or by a stenographer designated by the Commission or master. When the hearing is before the Commission, procedural and other interrogatory ruling shall be made by the chairman or a commissioner designated by the chairman and shall be taken as consented to by other members of the Commission, unless one or more calls for a vote, in which latter event ruling shall be made by a majority vote of those present. Nothing contained in these rules shall in any way deprive the respondent of any of his constitutional rights.

(e) DISPOSITION.

(i) When the hearing is before the Commission the Commission shall within twenty (20) days from receipt of the transcript make and file its findings of fact and conclusions of law and its proposed actions and mail a copy to the respondent.

(ii) When the hearing is before a master, he shall within twenty (20) days from receipt of the transcript prepare and transmit to the Commission a report which shall contain a brief statement of the proceedings had, and his findings of fact with respect to the issues presented.

Upon receiving the report of the master, the Commission shall promptly mail a copy to the respondent.

Within fifteen (15) days after the mailing of the copy of the master's report to the respondent, respondent may file with the Commission an original and eleven (11) legible copies of a statement of objections to the report of the master, setting forth all objections and all reasons in opposition to the findings.

If no statement of objections to the report of the master is filed within the time provided, the Commission may adopt the findings of the master without a hearing. If such statement of objection is filed or if the Commission in the absence of such statement proposes to modify or reject the findings of the master, the Commission shall give the respondent and the counsel an opportunity to be heard orally before the Commission and written notice as to the time and place of such hearing shall be mailed to the respondent at least ten (10) days prior thereto.

Thereafter the Commission shall make and file its conclusions of law and proposed actions with relation thereto, and mail a copy thereof to the respondent.

(iii) The Commission may order a hearing for the taking of additional evidence at any time while the matter is pending before it. The orders will set the time and place of hearing and indicate the matters on which the evidence is to be taken. A copy of such order will be sent by mail to the respondent at least ten (10) days prior to the date of hearing.

(iv) The Commission within twenty (20) days after the conclusion of its hearing shall make and file its findings of fact and conclusions of law and its decision with relation thereto and mail a copy thereof to the respondent.



(f) EXTENSIONS OF TIME. The chairman of the Commission may extend for periods of time not to exceed thirty (30) days in the aggregate, the time for filing a responsive pleading, for the commencement of a hearing before the Commission, for the transmittal of the master's report to the Commission, for filing a statement of objections to the report of the master and the presiding master may similarly extend the time for the commencement of the hearing before such master.

Rule 5. REVIEW OF COMMISSION'S PROCEEDINGS.

1. An appeal to the Supreme Court from the decision of the Commission to review the final action of the Commission in a proceeding based upon a formal complaint may be filed within thirty (30) days after filing such decision in the office of the Commission.
2. Procedure in the Supreme Court on review shall be similar to Supreme Court practice in other cases.
3. Failure to file an appeal within the time provided is a consent to the determination on the merits based upon the record filed by the Commission.

App. by S. Ct.
3-24-73
Effective 4-1-73

800-24-AA43375