IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

INSTITUTE FOR REFORMING GOVERNMENT, INC.,

Plaintiff,

v.

Case No. 2025-CV-1384

MARY BETH KEPPEL, DONALD A. DAUGHERTY, JR., ANALISE EICHER, ROBERTA GASSMAN, JOHN T. HENDRICKS, THOMAS HRUZ, RHONDA LANFORD, BARBARA NOTESTEIN in their official capacities as members of the Wisconsin Judicial Commission,

Defendants.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF PROPOSED MATERIAL FACTS**

1. The Wisconsin Constitution provides that "[e]ach justice or judge shall be subject to reprimand, censure, suspension, removal for cause or for disability, by the supreme court pursuant to procedures established by the legislature by law." Wis. Const. Art VII, § 11.

**Response: this is a legal argument and conclusion, not a fact. Such assertions in a party's proposed facts have no evidentiary value and may be disregarded. *HospiceCare, Inc. v. BJM Hospice, L.L.C.*, No. 11-cv-537-bbc, 2011 WL 13244559, at *1 (W.D. Wis. Sept. 27, 2011); *see also Wolff v. Kaul*, No. 24-cv-176-wmc, 2025 WL 3485591, at *1 (W.D. Wis. Dec. 4, 2025) (disregarding proposed facts at summary judgment that "make legal**

**arguments and assert legal conclusions, which are not factual statements at all" (quoting *Rivera v. Guevara*, 319 F. Supp. 3d 1004, 1018 (N.D. Ill. 2018))).**

2. The legislature has established such procedures through the creation of the Wisconsin Judicial Commission, and the procedures it set forth for its operations. Wis. Stat. § 757.83 et seq; Compl.1 ¶ 10; Ans.2 ¶ 10.

**Response: this is a legal argument and conclusion, not a fact. Such assertions in a party's proposed facts have no evidentiary value and may be disregarded. *HospiceCare, Inc. v. BJM Hospice, L.L.C.*, No. 11-cv-537-bbc, 2011 WL 13244559, at *1 (W.D. Wis. Sept. 27, 2011); *see also Wolff v. Kaul*, No. 24-cv-176-wmc, 2025 WL 3485591, at *1 (W.D. Wis. Dec. 4, 2025) (disregarding proposed facts at summary judgment that "make legal arguments and assert legal conclusions, which are not factual statements at all" (quoting *Rivera v. Guevara*, 319 F. Supp. 3d 1004, 1018 (N.D. Ill. 2018))).**

3. The Commission must "investigate any possible misconduct or permanent disability of a judge or circuit or supplemental court commissioner." Wis. Stat. § 757.85(1)(a).

**Response: this is a legal argument and conclusion, not a fact. Such assertions in a party's proposed facts have no evidentiary value and may be disregarded. *HospiceCare, Inc. v. BJM Hospice, L.L.C.*, No. 11-cv-537-bbc, 2011 WL 13244559, at *1 (W.D. Wis. Sept. 27, 2011); *see also Wolff v. Kaul*, No. 24-cv-176-wmc, 2025 WL 3485591, at *1 (W.D. Wis. Dec. 4, 2025) (disregarding proposed facts at summary judgment that "make legal**

**arguments and assert legal conclusions, which are not factual statements at all" (quoting *Rivera v. Guevara*, 319 F. Supp. 3d 1004, 1018 (N.D. Ill. 2018))).**

4. The Commission has statutory authority to initiate an investigation upon receipt of information from any reliable source alleging that a judicial official has engaged in misconduct or has a permanent disability that impairs his or her performance. Decl. Curtis ¶ 3, Ex. A, p. 4 (Wis. Judicial Commission, 2025 Annual Report).

**Response: no dispute.**

5. Individuals can request the Commission investigate allegations through the submission of a "request for Investigation" form which is published and made available by the Commission. Compl. ¶ 13; Ans. ¶ 13; Decl. Curtis ¶¶ 11–12, Ex. B.

**Response: no dispute.**

6. Plaintiff Institute for Reforming Government Inc. ("IRG") is a nonpartisan think tank that engages the public on the workings of Wisconsin's courts through its Court Watch initiative. Decl. Curtis, ¶¶ 3–6.

**Response: no dispute.**

7. When IRG identified what it believes was serious misconduct by a sitting judge, it did what any watchdog organization would do: it filed such a Request for Investigation with the Commission. Decl. Curtis ¶ 13.

**Response: no dispute that IRG filed a request for investigation with the Commission (Dkt. 29-3 ¶ 13); otherwise, the content of that request is confidential under the provisions challenged in this case, and so Defendants**

**are prohibited from confirming or denying anything further about that content.**

8. As a nonprofit operating to advance the public interest in government accountability, Plaintiff seeks to make all of its work known to the public. Decl. Curtis ¶¶ 20–21.

**Response: no dispute.**

9. When Plaintiff takes a major action such as filing a Request for Investigation, it follows up with press releases, talk radio appearances, and outreach to its supporters and the media. Decl. Curtis ¶¶ 20–23.

**Response: no dispute.**

10. But in this instance, Wisconsin law forbade it from speaking in that manner, and so IRG did not. Compl. ¶ 19; Ans. ¶ 19; Decl. Curtis, ¶ 28.

**Response: dispute in part. Defendants dispute IRG's implied assertion that it engaged in no public speech regarding the content of its request for investigation. (*See* Van Hecke Decl. ¶ 17.) Defendants do not dispute that IRG refrained from other public speech about the fact that it had filed a Request for Investigation. Otherwise, this is a legal argument and conclusion, not a fact. Such assertions in a party's proposed facts have no evidentiary value and may be disregarded. *HospiceCare, Inc. v. BJM Hospice, L.L.C.*, No. 11-cv-537-bbc, 2011 WL 13244559, at *1 (W.D. Wis. Sept. 27, 2011); *see also Wolff v. Kaul*, No. 24-cv-176-wmc, 2025 WL 3485591, at *1 (W.D. Wis. Dec. 4, 2025) (disregarding proposed facts at summary judgment**

**that "make legal arguments and assert legal conclusions, which are not factual statements at all" (quoting *Rivera v. Guevara*, 319 F. Supp. 3d 1004, 1018 (N.D. Ill. 2018))).**

11. When a Request for Investigation is filed, the Commission will review it and determine whether it will file a petition or formal complaint. Decl. Curtis, ¶ 9, Ex. A.

**Response: dispute in part. Defendants do not dispute that when a request for investigation is filed, the Commission, broadly speaking, reviews it and determines whether it warrants further investigation and, if so, whether probable cause of misconduct exists. However, the Commission follows specific steps and procedures for reviewing allegations and conducting investigations, established in Wis. Admin. Code JC §§ 4.01–08. Defendants dispute this proposed fact to the extent that it does not fully and accurately characterize the Commission's procedures for investigating and prosecuting allegations of misconduct or disability. (Van Hecke Decl. ¶¶ 4–10); Wis. Admin. Code JC §§ 4.01–08.**

12. But until such a formal complaint is filed by the Commission, Wisconsin state law mandates that "[a]ll proceedings … relating to misconduct or permanent disability prior to the filing of a petition or formal complaint by the commission" before the Commission are confidential, unless the judicial official waives confidentiality or one of the narrow statutory exceptions applies. Wis. Stat. § 757.93(1)(a).

**Response: This is a legal argument and conclusion, not a fact. Such assertions in a party's proposed facts have no evidentiary value and may be disregarded. *HospiceCare, Inc. v. BJM Hospice, L.L.C.*, No. 11-cv-537-bbc, 2011 WL 13244559, at *1 (W.D. Wis. Sept. 27, 2011); *see also Wolff v. Kaul*, No. 24-cv-176-wmc, 2025 WL 3485591, at *1 (W.D. Wis. Dec. 4, 2025) (disregarding proposed facts at summary judgment that "make legal arguments and assert legal conclusions, which are not factual statements at all" (quoting *Rivera v. Guevara*, 319 F. Supp. 3d 1004, 1018 (N.D. Ill. 2018))).**

13. If information about Commission proceedings reaches the public anyway, Wis. Stat. § 757.93(2) allows the Commission (and not any complainant) to correct the record, but complainants have no such ability to correct the record if it believes misinformation about a complaint is made public. Wis. Stat. § 757.93(2).

**Response: This is a legal argument and conclusion, not a fact. Such assertions in a party's proposed facts have no evidentiary value and may be disregarded. *HospiceCare, Inc. v. BJM Hospice, L.L.C.*, No. 11-cv-537-bbc, 2011 WL 13244559, at *1 (W.D. Wis. Sept. 27, 2011); *see also Wolff v. Kaul*, No. 24-cv-176-wmc, 2025 WL 3485591, at *1 (W.D. Wis. Dec. 4, 2025) (disregarding proposed facts at summary judgment that "make legal arguments and assert legal conclusions, which are not factual statements at all" (quoting *Rivera v. Guevara*, 319 F. Supp. 3d 1004, 1018 (N.D. Ill. 2018))).**

14. Plaintiffs filed a Request for Investigation form with the Commission, and the allegations within that Request for Investigation are subject to the Confidentiality Provisions challenged in this action. Compl. ¶ 19; Ans. ¶ 19.

**Response: Defendants do not dispute that IRG filed a request for investigation with the Commission. The remainder of the proposed fact is a legal argument and conclusion. Such assertions in a party's proposed facts have no evidentiary value and may be disregarded. *HospiceCare, Inc. v. BJM Hospice, L.L.C.*, No. 11-cv-537-bbc, 2011 WL 13244559, at *1 (W.D. Wis. Sept. 27, 2011); *see also Wolff v. Kaul*, No. 24-cv-176-wmc, 2025 WL 3485591, at *1 (W.D. Wis. Dec. 4, 2025) (disregarding proposed facts at summary judgment that "make legal arguments and assert legal conclusions, which are not factual statements at all" (quoting *Rivera v. Guevara*, 319 F. Supp. 3d 1004, 1018 (N.D. Ill. 2018))). For the avoidance of doubt, Defendants dispute the legal proposition that the allegations within IRG's request for investigation were subject to the challenged confidentiality provisions.**

15. The request was solely related to the judge's statements in the press, divorced from any bench conduct or pending case. Decl. Curtis. ¶ 18. Because of the Confidentiality Provisions, IRG refrained from undertaking its normal public disclosure and advocacy, fearing enforcement. Decl. Curtis. ¶ 26.

**Response: dispute in part. Pursuant to the confidentiality obligations imposed on the Commission by Wis. Stat. § 757.93 and Wis. Admin. Code JC § 3.01, Defendants cannot disclose any information about the contents of**

**IRG's request. Defendants do not dispute that IRG refrained from undertaking its preferred public disclosure and advocacy, at least to the extent that would have entailed referencing the fact that IRG had filed a request for investigation with the Commission. To the extent that Defendants imply that they refrained from speaking publicly about the underlying allegations, Defendants dispute. (*See* Van Hecke Decl. ¶ 17.) Defendants also dispute that the evidence cited shows that IRG "fear[ed] enforcement." Rather, the evidence cited states that IRG refrained from its preferred media strategy because it "realized in the course of preparing the Request for Investigation that doing so would violate state law." (Dkt. 29-3 ¶ 26.)**

16. Justices of the Wisconsin Supreme Court have recently called to enforce the Confidentiality Provisions against an attorney. Compl. ¶ 32; Ans. ¶ 32; Decl. Curtis, ¶¶ 31–35, Ex. B.

**Response: dispute in part. Defendants do not dispute that three justices of the Wisconsin Supreme Court in 2024 contacted the Commission about a breach of confidentiality by an attorney. (Dkt. 29-6.) Defendants dispute that the three justices asked the Commission to "enforce" the confidentiality provisions. (Dkt. 29-6.) The letter stated, in relevant part and among other things, that the Commission should "take all steps necessary to ensure that it does not continue to be used as a weapon against judicial independence. Frivolous complaints must be dismissed with expediency**

**and those who violate the rules and statutes governing the Commission must be held to account." (Dkt. 29-6.)**

17. To confirm its right to speak, Plaintiff had their counsel ask Defendants to confirm, in writing, whether it could discuss its own Request without fear of punishment. Decl. Curtis, Ex. D.

**Response: dispute in part. Defendants do not dispute that IRG's counsel asked the Commission "to clarify in writing that the contents of a Request for Investigation may be discussed publicly." (Dkt. 29-7.) As for IRG's purported "right to speak, " that is a legal argument and conclusion, not a fact. Such assertions in a party's proposed facts have no evidentiary value and may be disregarded. *HospiceCare, Inc. v. BJM Hospice, L.L.C.*, No. 11-cv-537-bbc, 2011 WL 13244559, at *1 (W.D. Wis. Sept. 27, 2011); *see also Wolff v. Kaul*, No. 24-cv-176-wmc, 2025 WL 3485591, at *1 (W.D. Wis. Dec. 4, 2025) (disregarding proposed facts at summary judgment that "make legal arguments and assert legal conclusions, which are not factual statements at all" (quoting *Rivera v. Guevara*, 319 F. Supp. 3d 1004, 1018 (N.D. Ill. 2018))).**

18. The Commission responded by refusing to provide such confirmation. Decl. Curtis ¶ 40.

**Response: This document is not included in the record for this case, and pursuant to the confidentiality obligations imposed on the Commission by Wis. Stat. § 757.93 and Wis. Admin. Code JC § 3.01, Defendants cannot disclose any information about IRG's request or proceedings.**

19. Plaintiff is barred by the Confidentiality Provisions from asking Commission members why they determined no further action was warranted, despite the lack of legal or policy reasons provided in the July 18 letter. Decl. Curtis, ¶ 42.

**Response: This is a legal argument and conclusion, not a fact. Such assertions in a party's proposed facts have no evidentiary value and may be disregarded. *HospiceCare, Inc. v. BJM Hospice, L.L.C.*, No. 11-cv-537-bbc, 2011 WL 13244559, at *1 (W.D. Wis. Sept. 27, 2011); *see also Wolff v. Kaul*, No. 24-cv-176-wmc, 2025 WL 3485591, at *1 (W.D. Wis. Dec. 4, 2025) (disregarding proposed facts at summary judgment that "make legal arguments and assert legal conclusions, which are not factual statements at all" (quoting *Rivera v. Guevara*, 319 F. Supp. 3d 1004, 1018 (N.D. Ill. 2018))).**

20. Further, Plaintiff cannot publicly criticize the judge's original conduct, nor can it criticize the Commission's refusal to act on the Request for Investigation. Decl. Curtis, ¶ 44–46.

**Response**: **This is a legal argument and conclusion, not a fact. Such assertions in a party's proposed facts have no evidentiary value and may be disregarded. *HospiceCare, Inc. v. BJM Hospice, L.L.C.*, No. 11-cv-537-bbc, 2011 WL 13244559, at *1 (W.D. Wis. Sept. 27, 2011); *see also Wolff v. Kaul*, No. 24-cv-176-wmc, 2025 WL 3485591, at *1 (W.D. Wis. Dec. 4, 2025) (disregarding proposed facts at summary judgment that "make legal arguments and assert legal conclusions, which are not factual statements at all" (quoting *Rivera v. Guevara*, 319 F. Supp. 3d 1004, 1018 (N.D. Ill. 2018))). For the avoidance of**

**doubt, Defendants dispute the legal proposition that the allegations within IRG's Request for Investigation were subject to the challenged confidentiality provisions.**

Dated this 1st day of October 2026.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

s/ Colin T. Roth
COLIN T. ROTH
Assistant Attorney General
State Bar #1103985

FAYE B. HIPSMAN
Assistant Attorney General
State Bar #1123933

Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-7636 (CTR)
(608) 264-9487 (FBH)
(608) 294-2907 (Fax)
colin.roth@wisdoj.gov
faye.hipsman@wisdoj.gov

## CERTIFICATE OF SERVICE

I certify that on October 1, 2026, I electronically filed Defendants' Response to Plaintiff's Statement of Proposed Material Facts with the clerk of court using the CM/ECF system, which will accomplish electronic notice and service for all participants who are registered CM/ECF users.

s/ Colin T. Roth
COLIN T. ROTH
Assistant Attorney General
State Bar #1103985