UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

INSTITUTE FOR REFORMING GOVERNMENT INC.

Plaintiff,

v.

Case No. 2025-CV-1384

MARY BETH KEPPEL, DONALD A. DAUGHERTY, JR., ANALISE EICHER, ROBERTA GASSMAN, JOHN T. HENDRICKS, THOMAS HRUZ, RHONDA LANFORD, BARBARA NOTESTEIN in their Official Capacities as Members of the Wisconsin Judicial Commission,

Defendants.

**PLAINTIFF'S RESPONSE TO DEFENDANTS' PROPOSED MATERIAL FACTS**

Pursuant to Civ. L. R. 56 (b)(2)(B), Plaintiff hereby submits the following responses to Defendants' Statement of Proposed Material Facts (Dkt. 38):

1. The Wisconsin Judicial Commission is an independent agency that investigates and prosecutes allegations of misconduct by Wisconsin's state court judges. (Van Hecke Decl. ¶ 3); Wis. Stat. § 757.83.

**Response: No dispute.**

2. The Commission's mission is to preserve the integrity of the Wisconsin judiciary by holding judicial officials accountable for violations of the Wisconsin Code

of Judicial Conduct and thus to uphold public trust in the courts. (Dkt. 29-4:4); *see also* Wis. Stat. §§ 757.83–.95.

**Response: No dispute.**

3. The Executive Director of the Commission reviews "initial inquiries" submitted by complainants and others to determine whether the claims made are within the jurisdiction of the Commission and are not patently frivolous or unfounded. (Van Hecke Decl. ¶ 4); *see also* Wis. Admin. Code JC §§ 4.01, 4.02*, et. seq*.

**Response: No dispute.**

4. With regard to claims within the Commission's jurisdiction that are not patently frivolous or unfounded, the Commission opens a request for investigation (RFI) file, and Commission members determine whether to authorize an investigation of the judicial official's alleged conduct. (Van Hecke Decl. ¶ 5); *see also* Wis. Admin. Code JC § 4.02.

**Response: No dispute.**

5. If an investigation is authorized, the Commission refers the matter to the Executive Director for investigation. (Van Hecke Decl. ¶ 6); *see also* Wis. Admin. Code JC § 4.02.

**Response: No dispute.**

6. In the course of investigations authorized by the Commission, Commission staff frequently interview litigants with cases before the judicial official who is the subject of the investigation, attorneys who frequently appear before that judicial official, court staff members who work with that judicial official and whose positions are often under the judicial official's direction and control, judicial colleagues, and other stakeholders in the local justice system where the judicial official serves. (Van Hecke Decl. ¶ 7.)

**Response: Undisputed that the Commission staff interview various individuals during authorized investigations. The frequency and nature of those interviews are matters of practice and outside the record in this case.**

7. Many of those interviewed, most of whom must have regular, continued interactions with the judicial official as a result of their employment or circumstances, express fear or concern to Commission staff that their cooperation might result in retaliation or negative professional repercussions and elect to have their identities remain confidential, pursuant to Wis. Stat. § 757.93(b), unless and until their identity must be disclosed after the filing of a formal complaint against judge. (Van Hecke Decl. ¶ 8.)

**Response: No dispute.**

8. At the conclusion of its investigation, the Commission may dismiss the allegation, find that probable cause exists, or take other action as warranted. (Van Hecke Decl. ¶ 9); Wis. Admin. Code JC §§ 4.05–.08.

**Response: No dispute.**

9. If a probable cause finding is made, the Commission files a formal public complaint in the Supreme Court, and the case is heard by either a judicial conduct panel or a jury. (Van Hecke Decl. ¶ 10); Wis. Stat. §§ 757.85(5), 757.87.

**Response: No dispute.**

10. Prior to the filing of a petition or formal complaint by the Commission, all of its proceedings are confidential pursuant to state law, unless the judicial official waives the right to confidentiality in writing to the Commission or one of the other limited exceptions applies. (Van Hecke Decl. ¶ 11); *see also* Wis. Stat. § 757.93; Wis. Admin. Code JC § 3.01.

**Response: No dispute.**

11. The confidentiality provisions under which the Commission operates are essential. (Van Hecke Decl. ¶ 12.)

**Response: Disputed, lacks foundation. This statement is an opinion and not factual evidence. No dispute that Van Hecke stated that opinion in his declaration.**

12. Confidentiality is essential for the protection of an innocent judge's reputation from adverse publicity, given the large number of frivolous or unfounded initial inquiries and complaints received by the Commission that do not justify a probable cause finding. (Van Hecke Decl. ¶ 13)

**Response: Disputed, lacks foundation. This is an opinion and not factual evidence. No dispute that Van Hecke stated that opinion in his declaration.**

13. In the three years between January 1, 2023, and December 31, 2025, the Commission received 2,125 initial inquiries, conducted preliminary evaluations of 112 RFIs, authorized 28 investigations, and found probable cause in two matters. (Van Hecke Decl. ¶ 13a.); *see also* Dkt. 29-4:11–12.)

**Response: No dispute.**

14. In recent years, the Commission has noted a marked increase in the number of complaints filed against judicial officials during their run for judicial office that are frivolous, unfounded, or do not justify a probable cause finding. (Van Hecke Decl. ¶ 13b.)

**Response: Disputed, lacks foundation. This is an opinion and not factual evidence. No dispute that the cited declaration makes this assertion.**

15. Several of those complaints (filed during a judicial election that are frivolous, unfounded, or do not justify a probable cause finding) have been publicly disclosed by complainants to serve their own interests, serve the interests of their preferred judicial candidate in the midst of a judicial election, or impede the interests of the judicial candidate that they oppose, despite the existence of the aforementioned confidentiality provisions. (Van Hecke Decl. ¶ 13c.)

**Response: Disputed, lacks foundation. This is an opinion and not factual evidence. No other complaints are in the record, and there is no evidence in the record regarding whose interests those complaints may "serve."**

16. Examples of such disclosures include announcements of the filing or the Commission's consideration of such complaints in press releases, announcements in social media posts, unsolicited media contacts, and attempts by a complainant to fundraise for themselves, based upon the publicly announced filing of a judicial ethics complaint. (Van Hecke Decl. ¶ 13d.)

**Response: Disputed, lacks foundation. No such disclosures are actually cited or part of the record in this case.**

17. Confidentiality is essential to maintain public confidence in the judicial system by preventing the premature disclosure of a complaint, before the Commission

has had an opportunity to determine that a charge is well-founded. (Van Hecke Decl. ¶ 14.)

**Response: Disputed, lacks foundation. This statement is opinion and legal conclusions, not factual evidence supported by the record.**

18. If possible, the Commission avoids premature disclosure of the complaint or the identities of any potential witnesses to the judicial official who is the subject of the complaint to avoid the possibility of either (i) actual retaliation by the judicial official; or (ii) the perception that the judicial official has retaliated against a complainant or a witness based upon a ruling made against them during pending legal proceedings. (Van Hecke Decl. ¶ 14a.)

**Response: No dispute that the Commission seeks to avoid premature disclosure.**

19. Confidentiality of Commission proceedings is essential to protect complainants and witnesses from possible recrimination, by prohibiting disclosure of any claims made and any cooperation provided to the Commission during its review of such claims. (Van Hecke Decl. ¶ 15.)

**Response: Disputed, lacks foundation. This statement is opinion and legal conclusions, not factual evidence supported by the record.**

20. Should the confidentiality of Commission proceedings not be maintained, potential witnesses, who may be more willing to speak to or cooperate with the Commission because of the confidentiality of their identity, would be less likely to cooperate with the Commission. (Van Hecke Decl. ¶ 15a.)

**Response: Disputed, lacks foundation. This statement is opinion and legal conclusions, not factual evidence supported by the record.**

21. Numerous complainants and witnesses have expressed significant reservations and concerns to the Commission and Commission staff about possible retaliation from judicial officials and other interested parties for providing information or materials to the Commission. This concern often remains, even after the Commission concludes its review of the allegations of judicial misconduct, and even if the Commission has elected to dismiss the matter without the filing of a public complaint. (Van Hecke Decl. ¶ 15b.)

**Response: Disputed, lacks foundation. This statement is opinion and legal conclusions, not factual evidence supported by the record.**

22. Information, including witness accounts, that either corroborates the claims of judicial misconduct made by cooperating complainants and witnesses, or rebuts such claims, is essential to the Commission members' ability to make fair, informed, and just decisions for the benefit of the judiciary and the public. (Van Hecke Decl. ¶ 15c.)

**Response: No dispute that information and witnesses accounts are essential to the Commission's work.**

23. Confidentiality of Commission proceedings is essential to providing the Commission with flexibility to accomplish its mission to ensure that an ethical judiciary exists, in the event a judicial official subject to a complaint elects to voluntarily resign their position as a judicial official. (Van Hecke Decl. ¶ 16.)

**Response: Disputed, lacks foundation. This statement is opinion and legal conclusions, not factual evidence supported by the record.**

24. The Commission has never filed an initial public complaint against a judicial official for misconduct in judicial office after they resigned their position as a judicial official. (Van Hecke Decl. ¶ 16a.)

**Response: No dispute.**

25. In the experience of the Commission's Executive Director, judges facing possible prosecution for judicial misconduct are more likely to voluntarily resign from judicial office, if the Commission's review of their conduct remains confidential. (Van Hecke Decl. ¶ 16b.)

**Response: No dispute that the cited declaration makes this assertion, but this statement is opinion and legal conclusions, not factual evidence supported by the record.**

26. On several occasions in the past, judicial officials have decided to resign from judicial office prior to the Commission's filing of a public complaint. Based on the reasonable inference of the Commission's Executive Director, a motivating factor in those decisions was the confidentiality of Commission proceedings. (Van Hecke Decl. ¶ 16c.)

**Response: No dispute that judicial officials have decided to resign rather than face a public complaint. The Executive Director's "reasonable inference" is an opinion unsupported by the factual record.**

27. Confidentiality of Commission proceedings is essential to protect the volunteer members of the Commission from outside pressures and influences as they make fair, independent, informed, and reasoned decisions concerning matters involving judicial officials and judicial ethics. (Van Hecke Decl. ¶ 17.)

**Response: Disputed, lacks foundation. This statement is opinion and legal conclusions, not factual evidence supported by the record.**

28. The Commission consists of nine volunteers, including two judges, two attorneys, and five "citizen" members (who are not members of the Wisconsin Bar). (Van Hecke Decl. ¶ 17a.)

**Response: No dispute.**

29. Commission members heavily rely on the confidentiality of Commission proceedings to engage in robust, candid, and diligent discussions during their decision-making processes. (Van Hecke Decl. ¶ 17b.)

**Response: Disputed, lacks foundation. This statement is opinion and legal conclusions, not factual evidence supported by the record.**

30. The Commission's Executive Director reviewed the social media activity of Jacob J. Curtis, the plaintiff's general counsel, who signed and submitted the judicial ethics complaint in this matter on behalf of the plaintiff, the Institute for Reforming Government ("IRG.") (Van Hecke Decl. ¶ 18.)

**Response: No dispute.**

31. In reviewing the claims made, the Commission's Executive Director reviewed Curtis' profile on the social media platform "X" (formerly known as Twitter), which has the username "@JacobJCurtis" and has approximately 2,100 followers. (Van Hecke Decl. ¶ 18a.)

**Response: No dispute.**

32. On X, Curtis posted information accusing the same judicial official of violating the Code of Judicial Conduct for the same conduct as detailed in the IRG complaint to the Commission. (Van Hecke Decl. ¶ 18b.)

**Response: Disputed. IRG maintains it has not spoken publicly regarding the contents of its complaint, nor could it under the challenged confidentiality requirements in this case. Furthermore, this statement is without foundation because the declaration does not explain what post on "X" Van Hecke is referring to. Any posts by Curtis on his "X" account regarding the underlying facts in this matter would have pre-dated the filing of the request for investigation and were not subject to any confidentiality requirements. Additionally, Curtis' "X" account posts are all judicially noticeable by this Court.**

33. In 2025, IRG filed a request for investigation with the Commission alleging misconduct by a judicial official. (Dkt. 29-3 ¶ 13.)

**Response: No dispute.**

34. The Commission ultimately dismissed IRG's request for investigation, finding that it didn't "warrant further action or consideration by the Commission." (Dkt. 29-3:7.) The Commission also informed IRG that "this matter has been closed and Commission proceedings relating to it remain strictly confidential pursuant to state law." (Dkt. 29-3:7.)

**Response: No dispute.**

Dated: November 2, 2026

Respectfully Submitted,


WISCONSIN INSTITUTE
FOR LAW & LIBERTY

*s/ Lucas T. Vebber*

Lucas T. Vebber (#1067543)
Daniel P. Lennington (#1088694)

1241 N. Franklin Place
Milwaukee, WI 53202
Phone: (414) 727-9455

Lucas @will-law.org
Dan@will-law.org

*Attorneys for Plaintiff*